FOOT AND REYNOLDS <em>against</em> WISWALL.

*Negligence is a mixed question of law and fact: when the facts have been ascertained by the jury, whether they warrant the charge of negligence or not, is matter of law*

*All questions compounded of law and of fact must be submitted to the jury, unless there be a demurrer to evidence.*

*Whether a verdict is against evidence or not, is not a point which can arise upon a bill of exceptions.*

IN ERROR, to the mayor's court of the city of *New-York*. The plaintiffs in error brought an action of trespass on the case, in the court below, against the defendant in error, for negligence, in running foul of a sloop owned by the plaintiffs. The cause was tried at the *December* term, 1813, of the mayor's court, before the recorder (*Hoffman*,) of the city of *New-York*.

The injury complained of took place in the month of *June*, 1812, at which time the defendant was master of the steam-boat *Paragon*, and was proceeding in the steam-boat from *New-York* to *Albany*: the plaintiffs' sloop was on a voyage from *Cornwall*, in *Orange* county, to *New-York*, and being becalmed at the entrance of the *Highlands*, was drifting up with the flood tide, and about midnight, the night being very dark, the steam-boat, which carried lights, was seen to approach, and was hailed by the persons on board of the sloop, but they were not heard on board of the steam-boat, which having been engaged in avoiding another sloop, came very near the plaintiffs' vessel before she

was discovered. As soon as the sloop was seen, the direction of the steam-boat was changed by putting the helm hard a port, and the machinery was immediately stopped. This, however, did not prevent the steam-boat from running foul of her. It was stated by a mariner on board of the sloop, who was a witness on the part of the plaintiffs, that the sloop was not at the time under the control of the helm, and that the collision could not have been avoided by any act of the persons navigating her. The steam-boat, at this time, carried a light under her bowsprit, and three lights aloft on the mainmast: and persons were on the look out to avoid falling in with any vessel. These and other precautions were constantly observed on board of the steam-boat. There was no light hoisted on board of the sloop.

The recorder charged the jury, that the defendant was, *prima facie*, liable for the injury, and that it lay upon him to show that it did not arise from negligence on the part of those who navigated the steam boat; that the question of negligence was a question of fact for the jury, and if they were of opinion that the plaintiffs' vessel might have been avoided, or with due diligence might have been discovered in time to have avoided her, the plaintiffs would be entitled to a verdict, for the circumstance of there being no light hoisted on board the sloop, would, in such case, be no excuse for the defendant: but, otherwise, that if the injury were occasioned by the darkness of the night, and the circumstance of there being no light kept out on board of the sloop, there being no want of care on the part of the defendant, then the charge of negligence would apply to the plaintiffs, who must bear the loss of their own want of precaution.

The jury found a verdict for the defendant, and a bill of exceptions having been tendered to the opinion of the recorder, it was removed into this court by writ of error.

The bill of exceptions was argued by *S. Jones*, jun., and *David B. Ogden*, for the plaintiffs in error, and by *Colden*, for the defendant in error.

*For the plaintiffs in error*, it was contended, 1. That the recorder misdirected the jury. That whether negligence or not, was a question of law, and not of fact. It was the business of

ALBANY,
August, 1817.

FOOT
v.
WISWALL.

the jury to find the facts of the case; and from the facts thus found, the court must draw the inference whether there was negligence or not. That this was an action of trespass on the case against the master, the injury alleged being indirect, as he was not the immediate agent, being below when the *collision* took place.

\* 4 *Johns. Rep.* 377.

In the case of *The Manhattan Bank.* v. *Lydig,*\* it was held that the question of *due diligence* in the plaintiffs, in detecting the fraud of their clerk, was a question of law, and not for the jury to decide. So, in *Scheibel* v. *Fairbain,*† the question of *reasonable time,* or of wrongful neglect in the defendant, was held to be a question of law, and not of fact.

† 1 *Bos. & Pull.* 388.

Again; the *recorder* was incorrect in charging the jury that the plaintiffs in error were bound to have lights hoisted on board their sloop. We contend that the fault, and all its consequences, rests on the defendant for navigating in a night so dark that vessels could not be distinguished. He acted at his peril; and the maxim, *sic utere tuo ut alienum non lœdas,* applies. If the defendant was in fault for navigating in so dark a night, all the care he took afterwards to avoid the plaintiffs' vessel will not excuse him.

If the defendant had been at the helm of his boat at the time, there is no doubt that the plaintiffs could have recovered in an action of *trespass;* and there is no reason why they should not be equally entitled to recover in an action of *trespass on the case,* or for negligence; the distinction between the two actions being purely *technical.*‡

† *Ogle* v *Burnes,* 3 *Term Rep.* 188, 192 *Leame* v. *Bray,* 3 *East,* 593. 1 *Selwyn's N. P.* 355.

‡ *Graham* v. *Carman,* 2 *Caines' Rep.* 168.

*For the defendant in error,* it was argued, that a bill of exceptions does not lie to a judge of an inferior court for any misdirection as to facts. The proper remedy is by an application to the court for a new trial, on the ground that the verdict was against evidence.§ The judge told the jury, that if there was no want of care or diligence on the part of the defendant, he was not liable. That was not against law, and he left it to the jury to decide. This is an action on the case; the plaintiffs charge the defendant with so negligently, unskilfully, and carelessly managing his boat, that she run foul of the vessel of the plaintiffs. If a man does a lawful act, and, without any fault or neglect on his part, an accident happens to another, no action lies

against him.* The act causing the injury must·be *voluntary*, and with some degree of fault, and then *trespass* lies; but if done involuntarily, and without fault, no action lies.† The case of *Collinson* v. *Larkin§* is in point. There the defendant's vessel ran foul of the plaintiff's vessel in the night, at sea, and the plaintiff brought an action on the case for negligence. There was a verdict for the plaintiff, and the court refused to grant a new trial, though they believed there was fault on both sides. *Mansfield*, Ch. J.. said, that if he had been on the jury, he should have made allowances for the darkness of the night, and attributed the injury to mere accident, and so found for the defendant.

It is said that the defendant ought not to have been navigating his boat in so dark a night; but were not the plaintiffs navigating their vessel at the same time?

*Per Curiam.* This case comes before the court on a bill of exceptions, taken in the mayor's court of the city of *New York*. It is an action charging the defendant with carelessness and negligence in the management of a steam-boat upon the *Hudson* river, by means whereof she ran foul of, and greatly injured a sloop of the plaintiffs, whilst navigating the river. The case was submitted to the jury for them to decide, whether the evidence would warrant the charge of negligence or misconduct on the part of the defendant, and the jury found a verdict for the defendant.

Whether this was a verdict against evidence or not, is a question which cannot arise upon this bill of exceptions. If it could, there does not appear to be any thing to warrant such a conclusion. The question raised upon the argument, by the counsel for the plaintiffs in error, is: That whether the defendant was chargeable with negligence or not, was a question of law, and ought not to have been submitted to the jury as matter of fact. This broad position cannot certainly be maintained. Whether there was negligence or not, cannot be considered purely a question of law, and to be taken from the jury, and decided by the court. It may be considered a mixed question. The facts are exclusively for the jury, and when those facts are ascertained, whether they will, in judgment of law, warrant the charge of negligence, is matter of law. But a case of this mixed character must always be submitted

ALBANY,
August, 1817.

FOOT
v.
WISWALL.
* *Clark* v. *Foot,*
8 *Johns. Rep.*
421.
† 4 *Burr. Rep.*
2092.
‡ 3 *Taunt. Rep.*

to the jury, unless there is a demurrer to the evidence. The case now before us was very fairly and properly submitted to the jury, and there can be no grounds for reversing the judgment,

Judgment affirmed.