ALBANY,<br>Jan. 1832.<br>Dygert<br>v.<br>Bradley.

## DYGERT *vs.* BRADLEY.

In an action of *trespass* against the master of a boat navigating the *Erie canal*, for running her against another boat lying in the canal, waiting her turn to pass the locks, the judge presiding at the trial charged the jury that the defendant was liable if he had been guilty of *negligence*, or *intended* to inflict the injury; but that if there was no negligence or design of injury, and if in attempting to pass, the defendant managed his boat in a *prudent* and *skilful manner*, and the injury was sustained by means of the acts of the plaintiff himself, or *by mere accident*, the defendant was not liable; and the jury found for the defendant—*a new trial granted* for the omission of the judge to instruct the jury to inquire whether, under the circumstances of the case, the defendant was not bound to know that his boat could not pass without hazard, and if he was, whether he ought not to have proceeded with greater caution.

THIS was an action of *trespass*, tried at the Herkimer circuit in March, 1830, to recover damages sustained by the plaintiff in consequence of the defendant running a *boat* which he was navigating on the *Erie canal* against the *boat* of the plaintiff, by means of which the side of the plaintiff's boat was broken in and merchandise on board was wet and injured.

The plaintiff's boat was lying-to, near one of the *locks*, waiting her turn to pass up; she was on the heel-path side of the canal, within the ordinary locking distance; whilst in that

position, *two boats passed down* without difficulty; the defend-
ant's boat then came and passed about two thirds of her length,
when the boats wedged together, the side of the plaintiff's
boat was pressed in, and she immediately filled with water.
The damage to the goods on board and in repairs amounted
to about $225. It was admitted there was no design to injure,
and both parties supposed there was sufficient space for the
defendant's boat to pass without collision. The defendant dis-
covered the plaintiff's boat when within ten rods of her; the
speed of his boat then was greater than when the boats came
together, at which time the defendant's boat was going at about
*half the usual rate.* The plaintiff's boat was a good, substan-
tial scow boat; the defendant's was a *lake boat,* heavily laden,
having about 40 tons on board; she was *deep,* and on that ac-
count could not run very close to the tow-path. The boats
remained wedged in, until the level upon which they were
was raised by letting in water; until then there was not room
by about a foot; had the canal been full of water, there would
have been no difficulty in passing; both above and below the
canal was wider than where the plaintiff's boat lay. The judge
charged the jury that the plaintiff, in laying-to on the canal,
was bound to select such a station as would admit of the pas-
sage of boats, and if he had selected a hazardous station, and
injury had been sustained by him in consequence thereof, he
must bear the loss; that if the jury should be satisfied that
the defendant had been guilty of negligence, or that he intend-
ed to run his boat against the plaintiff's, they should find a
verdict for the plaintiff; but if there was no such negligence
or design on the part of the defendant, and if in attempting to
pass he managed his boat in a prudent and skilful manner, and
the injury was sustained either in consequence of the exposed
situation of the plaintiff, or by a mere accident, then they
should find for the defendant. The jury found a verdict for
the defendant, which the plaintiff now moved to set aside.

　　*S. Beardsley,* for the plaintiff. The jury were misdirected,
and at all events the charge given to them might and proba-
bly did mislead. If an act done by one person cause imme-
diate injury to another, whether it was *intentional* or not, *tres-*

*pass* lies. 1 Campb. 397. 18 Johns. R. 257. 19 id. 318. The judge, therefore, erred in placing the defendant's liability upon his *intent ;* so also he erred in instructing the jury that the defendant was excused if the injury proceeded from a mere *accident.* 1 Strange, 596. 3 Wils. 403. 3 East, 503. 3 Wendell, 391. What was said by the judge in reference to the selection of the station for the boat, gave undue importance to a circumstance which ought not to have had any influence in determining the rights of the parties, as it appeared in evidence that two other boats had passed without collision. The law governing parties in travelling on roads should be applied to this case. The plaintiff was necessarily stopped, and the defendant in attempting to pass him acted at his peril ; having inflicted an injury he is responsible, although the injury was *involuntarily,* and he *misjudged* as to his ability to pass. If the injury could have been prevented by an extraordinary exercise of circumspection, he is liable. The defendant should have ascertained before attempting to pass, that he could do so without injuring the plaintiff. The counsel also cited *Styles,* 72 ; Alleyn, 35 ; 3 Salk. 668 ; 5 Bos. & Pul. 448 ; 1 Bingham, 213.

*J. A. Spencer,* for the defendant. Most of the cases cited on the other side relate to the form of the action whether *trespass* or *case* should have been brought, rather than to the discussion of the principle of responsibility. The law governing the navigation of vessels on rivers does not apply to this case, on account of the narrowness of the channel in which canal boats are used. The defendant contends that the injury having happened whilst he was in the exercise of his lawful business, without any intention of injury on his part, or fault or blame imputable to him, he ought not to be held responsible. He used more than ordinary care and caution ; he stopped the speed of his boat when he approached the plaintiff, and the fault, if any, is chargeable upon the plaintiff himself, in the selection of his station for stopping ; had he gone either higher up or remained lower down, the accident would not have happened ; and even where he did stop, all parties believed that the canal would admit of the free passages of the de-

ALBANY,
Jan. 1832.

Dygert
v.
Bradley.

fendant's boat. The injury having been involuntary and unintentional, and the plaintiff himself being in fault, no action lies. The charge of the judge was correct, and the whole facts of the case having been submitted to the jury, the verdict ought not to be disturbed.

*By the Court*, SUTHERLAND, J. All the witnesses concur in stating that there was not room for the boat of the defendant to pass that of the plaintiff at the place at which it lay, with the depth of water then in the canal. The testimony also shews that neither the plaintiff nor defendant was aware of that fact, but that they both supposed that the defendant's boat might pass without difficulty. The jury have also found (and the evidence sustains the verdict in that respect) that the injury was not attributable either to negligence or design on the part of the defendant, and that his boat was managed in a prudent and skilful manner. It also appears that the plaintiff's boat was lying close to the towpath, and that although the canal was not quite as wide there as it was some distance below, several boats had passed her while in that place without difficulty. The boat of the defendant was a large lake boat and heavily laden. No actual fault seems to be imputable to the defendant, and if he is to be held responsible, it must be on the ground that the accident was not inevitable, in as much as the power by which the boat was propelled was entirely under his control, and he was bound to know or ascertain whether he could pass with safety before he made the attempt.

The rule in such cases is, that if the injury is occasioned by an *unavoidable accident,* no action will lie for it; but if any blame is imputable to the defendant, though he had no intention to injure the plaintiff or any other person, he is liable for the damages sustained. *Weaver* v. *Ward,* Hobart, 134. *Leame* v. *Bray,* 3 East, 593, and cases there cited. *Wakerman* v. *Robinson,* 1 Bingham, 213. *Percival* v. *Hickey,* 19 Johns. R. 289. *Bullock* v. *Babcock,* 3 Wendell, 391. 18 Johns. R. 383. In most of the cases referred to, the question chiefly discussed was whether the action should be trespass or trespass on the case. But the general principle which I have stated, in re-

lation to the liability of a defendant, is fairly to be deduced from them. .When we speak of an unavoidable accident, in legal phraseology, we do not mean an accident which it was physically impossible in the nature of things for the defendant to have prevented ; all that is meant is, that it was not occasioned, in any degree either remotely or directly, by the want of such care or skill as the law holds every man bound to exercise. This is well illustrated by the case of *Wakeman* v. *Robinson*, 1 Bingham, 212; the defendant there was guilty both of negligence and unskilfulness. His horse was young and spirited, and he drove him without a *curb-chain;* in consequence of which he was less easily managed—in that there was negligence ; in his alarm the defendant pulled the wrong rein—there was want of skill ; and on either or both grounds he was responsible for the consequences. But if his horse had been properly harnessed and skilfully managed, and the accident to the plaintiff had still occurred, it would have been held inevitable ; although no one will question that the defendant had the physical power to have guarded against it, either by entirely stopping his horse the moment he saw the plaintiff's waggon, or by driving at a very slow and moderate pace ; but this is a degree of caution which the law does not exact.

ALBANY,
Jan. 1832.

Dygert
v.
Bradley.

The liability of the defendant in this case at bar, appears to me to depend upon the question whether he was not bound to know, that from the state of the water in the canal at that time, and from the size of his boat, and her being heavily laden, he could not pass the plaintiff's boat without hazard ; if so, it was his duty either not to have made the attempt to pass, or to have proceeded so slowly and cautiously that no injury could have been produced from the collision. The defendant had the entire control of the speed of his boat, and although it appears that her motion was not rapid, it was not as slow as it might and ought to have been, if he was bound to know that the attempt to pass was hazardous. The case I think should have been put to the jury upon these principles.

The charge of the judge was calculated, on the whole, to make erroneous impressions on the minds of the jury. He told them that the plaintiff, when he stopped his boat upon

the canal, was bound to select as his station, a safe place, and such an one as would admit the passage of other boats, and if he selected a hazardous one, and an injury was sustained by him in consequence of his exposed station, he must bear the loss.   Now the evidence shews that the station selected by the plaintiff was the place at which boats usually stopped when waiting to pass the lock at that place, and that several boats had passed the plaintiff's without injury.   The whole charge seems to imply that the defendant had a right to an uninterrupted course upon the canal, and that if the plaintiff's or any other boat stopped in such a place or position as to impede such course, the defendant was not responsible for the consequences, provided he was not guilty of negligence or want of skill in the manner of navigating his boat, and had no actual intention to injure the plaintiff; excluding from the consideration of the jury, or at all events, omitting to present to them the question, whether the defendant was not bound to know, under all the circumstances of the case, that his boat could not pass without hazard, and if he was, whether he ought not to have proceeded more cautiously.   I think a new trial ought to be granted, costs to abide the event.