Chief Justice Robertson
delivered the Opinion of the Court,
The onlv question to be considered in this case, is whetrier a verdict and judgment for the defendant, on the general issue, in an action of trespass, prosecuted against him, by the plaintiff, for killing her horse, were authorized by the facts and law of the case-.
From the bill of exceptions, it appears that, whilst driv* ing his horse and gig, in a brisk trot, in one of the streets of Lexington, the defendant, in passing through a narrow r . <- , space ot about ten ieet m width, between a wagon and one of the side pavements, came in contact with the i • -m, , , . , - i i plaintiffs horse, which was walking alone, across the street, rather obliquely towards the gig, and had,perhaps with some momentary alarm and increased speed occasioned by the wagon and the gig, at the instant of contact, passed the wagon and approached within about two feet of the side walk, when, one of the shafts penetrating its body about eighteen inches, the defendant, as soon as he ajtenvards could, stopped his own horse, and extricated the defendant’s horse, which shortly after-wards died in consequence of the wound thus inflictéd.
The testimony will not allow the inference, that the missible deduction from the circumstances, is that the catastrophe which occurred was the consequence of the violent collision was the consequence, altogether or chiefly, of the heedlessness or voluntary perverseness of the plaintiff’s horse; or that the injurious contact was unavoidable by the defendant; or that it would have occurred had ho been reasonably vigilant and careful, or had he been driving with prudent speed. The only per- *498 defendant’s 'culpable negligence, or voluntary reckless» , " n6SS*
He who is so unmindful of the peace and security of others, as to ride or drive in a gallop or rapid trot or pace* through a crowded city or town, is held by the common law, responsible for all damage that any other person, without fault, shall sustain in consequence of such voluntary and perilous imprudence. In such a narrow passway especially, it was the defendant’s duty to take care that his speed and progress should be such as not* unnecessarily, to occasion, as far as he could by prudent foresight and precaution avoid it, any damage to any other person.
Such speed, as that with which the defendant was driving, in such a place, tended, in itself, peculiarly, to alarm horses and children that might have been in the street. And even if, in consequence of alarm so unne» cessarily and imprudently produced by the defendant, a child or horse of another had run in the way of his horse and gig, unexpectedly to him, and had thus, at an instant when he could not avoid it, been killed or injured, the fault would have been 1ns in fact and in judgment of law.
Had the plaintiff’s horse been rational, it might possibly have avoided injury by running out of the defendant’s way, or by not going into the narrow passway. But, had it been a man, instead of a brute, it would not have been his duty to the defendant, to have either stopped or changed his course, for the purpose of giving the unobstructed way to his adventurous and rash progress.
And it could not be expected that the instinct of a horse or of a child would be so considerate as the reason of a man, or that a horse, leisurely walking a street, would be so apt as a human being to use the most expedient means for avoiding impending danger, and a danger too that might be, in the case of a horse or child* increased by the alarm which it might itself create.
We are, therefore, of the opinion that, according to any allowable deduction from the proof, the law de-' cides that the defendant was a trespasser on the rights of the plaintiff, and the fact, that it was the plaintiff’s *499 horse, and not herself, that was—in a comparative de-. gree at least,—faultlessly exposed, furnishes no excuse to the defendant, for reprehensible carelessness. Had his gig■ been overturned, and broken., he certainly would have had no good' cause to complain of the plaintiff or her horse. There is no testimony, or fact, tending to show, that the plaintiff’s horse was, loose in the street with her consent or in consequence of her negligence. But had there been anysuch proof, that circumstance would not have excused the voluntary trespass of the defendant, because nevertheless, it was his duty to forbear to do any avoidable injury to the horse..
Being, therefore, clearly of the opinion, that the death of the plaintiff’s horse is ascribable to the tortious conduct of the defendant, and would not otherwise have occurred, and being also well satisfied, that the testimony authorized no other rational deduction, we must conclude that the Circuit Court erred in overruling the plaintiff’s motion for a new trial.
Wherefore, it is considered by the Court that the judgment be reversed and the cause remanded for a new,* trial.