## CENTER *vs.* FINNEY.

A person sustaining an injury from a collision with the wagon of another, upon the highway, through the negligence of the latter, may recover therefor, if he could not have avoided the collision by the use of ordinary care.

If ordinary diligence by the plaintiff will not prevent the injury, he is not considered in any degree the author of the wrong.

In order to excuse a collision upon the highway, on the ground of inevitable accident, it must appear that the collision was unavoidable, and without any blame imputable to the defendant.

THIS was an action to recover damages against the defendant, for running against the plaintiff's wagon, and thereby damaging the same, and causing injury to the plaintiff's person. The plaintiff in his complaint demanded damages to the amount of $2000. The cause was brought to trial in October, 1851, before Justice Cady, at the Washington circuit. The plaintiff proved that in November, 1851, the plaintiff was driving two horses, attached to a wagon, in the public highway, at the rate of about five miles an hour, when the defendant came up behind him, in a single wagon, driving one horse; that the defendant was driving fast, was standing up in the wagon; that he struck his horse three times with all the force he could; he then took one line in each hand, and reined up his horse as hard as a man could hold. The defendant's horse reared and pitched, and overtook the plaintiff about ten rods north of where the plaintiff was when first seen by the witness. The plaintiff whipped his horses lightly. They started up a little and increased their speed; the defendant's horse came up, and struck the near hind wheel on the outside of the plaintiff's wagon, and turned the wagon round to the east a little, and forward at the same time; the horse struck his breast near the top of the wheel; the plaintiff's wagon at the time of the collision was very near the traveled part of the road. The defendant's horse made another plunge, and struck the box of the plaintiff's wagon between the wheels; that started the plaintiff's horses on the run; they ran a considerable distance, and finally threw the plaintiff out of the wagon, and he was seriously injured by the fall.

The court among things charged the jury as follows: 1. That

Center *v.* Finney.

the plaintiff had been severely injured was not to be disputed; and there was very little reason to doubt that the injury was occasioned by the defendant's driving his horse and wagon against the plaintiff's wagon, and thereby frightening the plaintiff's horses, and causing them to run away with him.   2. That it had been insisted on the part of the plaintiff, by his counsel, that the defendant drove his horse and wagon against the plaintiff's wagon with intent to injure the plaintiff; but that the evidence in the case did not warrant such a conclusion; the evidence however did warrant the inference, that the defendant drove against the plaintiff's wagon with a view to stop his horse, believing there would be less danger in that than in suffering his horse to run past the plaintiff's wagon.   The jury, however, were to judge whether the defendant's horse, if he had been left to take his own course, would have run against the plaintiff's wagon, instead of passing it; that if the jury believed that the defendant drove his horse against the plaintiff's wagon and thereby occasioned the injury to the plaintiff, he was liable in this action for his damages thereby occasioned, although he did it with the view to save himself from a greater hazard.   3. That the rule of law applicable to the case had been correctly stated by the defendant's counsel; that if the injury sustained by the plaintiff was in any degree owing to his own negligence, he was not entitled to recover.   4. That if the jury believed that the plaintiff was entitled to recover, the amount of damages was in their discretion.   The counsel for the defendant requested that the court should give the following instructions to the jury. 1. That if the jury believed that the horse had become unmanageable so that the defendant could not control him, without any misconduct on the part of the defendant, then it was their duty to find for the defendant.   The court declined so to charge the jury, and the defendant's counsel excepted.   2. If they believed the plaintiff, by his manner of driving his own team, had so irritated the defendant's horse that he had become uncontrollable, the plaintiff was not entitled to recover.   The court refused so to charge the jury, because in his opinion there was no evidence in the case which warranted that belief; to which the defend-

ant's counsel excepted.   5. If the jury believed that the plaintiff might have avoided the accident by turning out of the road where it happened and neglected so to do, he was not entitled to recover.   The court refused so to charge the jury, saying that the plaintiff was ahead of the defendant when at the junction of the roads, and there was no evidence that he knew which road the defendant intended to take; and if the plaintiff saw the defendant after they passed the junction of the roads he could not tell on which side of the road the defendant would come up with him, and the evidence was that the plaintiff was so near one side of the road that the defendant might have passed on the other side; to which refusal and charge the defendant's counsel excepted.   The jury found a verdict for the plaintiff for $950 damages; and the defendant moved for a new trial, at a special term.   The motion was denied, and the defendant appealed.

*C. F. Ingalls*, for the appellant.

*L. J. Howe*, for the respondent.

*By the Court*, HAND, J.   One of my associates has passed upon this cause at the circuit, and the other at special term, on a motion for a new trial, and I concur with them in denying it. There was evidence for the consideration of the jury, and consequently the nonsuit was properly denied.   But the defendant complains that the judge refused to charge the jury that if the plaintiff, by his manner of driving his own team had so irritated the defendant's horse that he had become uncontrollable, he was not entitled to recover.   The judge refused so to charge, because he thought there was not evidence that would warrant that belief.   The defendant was correct in this legal proposition, particularly if such acts of the plaintiff were either negligent or wilful.   But was this law applicable to the case, upon the proofs? The defendant relies upon the testimony of the witness Palmer. But I think that testimony not sufficient.   The defendant left Palmer nearly $1\frac{1}{2}$ miles from the place of the disaster, and at a place at which he himself stopped twenty minutes.   If any thing

Center *v.* Finney.

was done by the plaintiff, in this respect, it was previous to this time. There is no proof that he did any thing whatever, after that, calculated to disturb the defendant's horse. If the jury had found for the defendant on this point as a question of fact, it would have been without evidence. Besides, he had already told the jury that if the injury he had received was in any degree owing to his own negligence, the plaintiff could not recover.

He also refused to charge the jury, that if they believed the plaintiff might have avoided the accident by turning out of the road where it happened, and neglected to do so, he could not recover. This he refused to do, because he thought the point did not arise upon the facts proved. There is no proof that the plaintiff was negligent in this particular. It is doubtful whether he was aware of the proximity of the defendant, though one witness says he looked around some time before, and when the defendant was some eleven rods distant; and he could not know that the latter would turn a corner after him, instead of keeping in the straight road. Indeed, if the judge meant to lay down the law in the broadest sense of the language he used, I think he should have qualified it in favor of the plaintiff. The English rule clearly is, that the plaintiff may recover, if he could not have avoided the consequences of the defendant's negligence by *the use of ordinary care.* (*Davies* v. *Mann,* 10 *M. & Wels.* 546. *Bridge* v. *Grand Junc. Railroad Co.* 3 *Id.* 246. *Butterfield* v. *Forrester,* 11 *East,* 60. *Thorogood* v. *Bryan,* 8 *M., Gr. & Sc.* 115. *Catlin* v. *Hills, Id.* 123. *Clayards* v. *Dethick,* 12 *Q. B.* 439.) If ordinary diligence by the plaintiff will not prevent the injury, he is not considered in any degree the author of the wrong. This seems to be the equitable rule in relation to mutual negligence. It accords too with the principle, that one is not to be indifferent and reckless because another has done him an injury, but must exercise reasonable diligence to prevent damage. (*Sedgwick on Dam.* 98. *Walters* v. *Pfiel,* 1 *Mees. & W.* 364, *and notes.*) Perhaps the language of some of the judges in this state and in England may seem to go farther. (*Brown* v. *Maxwell,* 6 *Hill,* 592. *Brownell* v. *Flagler,* 5 *Id.* 282. *Rathbun* v. *Payne,* 19 *Wend.* 399.

*Spencer* v. *The Utica and Schenectady Railroad Co.* 5 *Barb.*
337. *Tonawanda Railroad Co.* v. *Munger,* 5 *Denio,* 255;
*S. C.* 4 *Comst.* 349. *Hartfield* v. *Roper,* 21 *Wend.* 615.
*Puckwell* v. *Willson,* 5 *C. & P.* 493. *Williams* v. *Holland,*
6 *Id.* 23. *Hawkins* v. *Cooper,* 8 *Id.* 473.)

But these English cases were at *nisi prius,* and, on examina-
tion of the decisions in this state, I doubt whether one of them
will be found to have been actually decided contrary to the En-
glish rule. And indeed the principle is the same; for if the
plaintiff uses ordinary care, he does not in law contribute to the
injury.

The only remaining point worthy of consideration is that in
relation to the inability of the defendant to control his own horse.
The proposition is that if the jury believed the horse had become
unmanageable, so that the defendant could not control him, with-
out any misconduct on his part, they should find for the defendant.

If the accident happened entirely without the fault of the
defendant, an action will not lie; though it would seem that only
the act of God excuses a common carrier—something more, per-
haps, than *unavoidable* accident, in the common acceptation of
that term—an act in no way depending upon human agency.
(*McArthur* v. *Sears,* 21 *Wend.* 190.) In *Wakeman* v. *Rob-
ison,* (1 *Bing.* 213,) and *Dygert* v. *Bradley,* (8 *Wend.* 473,)
cited by defendant, while the court admitted that unavoidable
accident was a defense, they denied the application of the prin-
ciple in those cases. In the first case the defendant rode a
young and spirited horse without a curb chain, and pulled the
wrong rein; and in the other, although the jury found for the
defendant on a charge that he was not liable if the injury hap-
pened by mere accident, &c. the court granted a new trial, on
the ground that he was bound to know, under the circumstances,
that his boat could not pass without hazard. The court, in each
of these cases, looked into the evidence to see if the question of
unavoidable accident arose. Adopting the same rule here, this
point will not avail the defendant. From Palmer's testimony it
seems the horse was restive before the defendant stopped, which
was between one and two miles back. After the lapse of twenty

Center *v.* Finney.

minutes he started again. The evidence is that when the horse approached the plaintiff he was running, jumping, rearing, pitching, kicking and acting very badly, and was so when within 10 or 12 rods of the plaintiff; notwithstanding which the defendant whipt him while still running, and then pulled upon the reins; and ran him first against the plaintiff's wagon wheel, and again against the middle of his wagon; and all the disastrous consequences followed. One witness testified that the defendant said he ran against the plaintiff to stop his horse, and had whipt him before. But waiving that evidence as matter for the jury, and taking the relation given by all that saw the transaction, there is nothing like that unavoidable accident that excuses the act. The proof shows that the horse behaved viciously before the defendant whipt him, and was restive. And the defendant proves that was the case before he stopped. To start in 20 minutes after with such a beast, and directly after the plaintiff, and whip the horse under full speed, when the plaintiff was but a few rods ahead, was hazardous if not reckless. The defendant has not shown why he did not keep straight on, in the direct road, by which the collision would have been avoided; instead of turning, when within six rods of the plaintiff, and following him in a road too narrow to pass. The law in relation to inevitable accident is not applicable to such a case. The rule was laid down two hundred years since, that the accident must be inevitable and the defendant without negligence. (*Weare* v. *Otard, Hob.* 134.) It must be wholly unavoidable, and no blame imputable to the defendant. (*See Wakeman* v. *Robison*, 1 *Bing.* 213; *Dygert* v. *Bradley*, 8 *Wend.* 472; *Goodman* v. *Taylor*, 5 *C. & P.* 320; *Gibbons* v. *Pepper*, 4 *Mod.* 405; *Vincent* v. *Stinehour*, 7 *Verm. Rep.* 64.)

Judgment affirmed.

[FRANKLIN GENERAL TERM, July 5, 1852. *Willard, Hand* and *Cady*, Justices.]