## JESSE JENKINS *v.* LITTLE MIAMI R. R. CO.

### (No. 6,323.)

1. A charge, predicated on an imperfect statement of the facts and circumstances bearing on the point to which it is directed, and which excludes from the jury matters in evidence proper to be considered, should be refused.
2. Generally, negligence, if not a question of fact for the jury, is, at least, a mixed question of law and fact, which it would be improper to take from the jury, by the charge of the court.
3. In a case where a question of negligence as to the conduct of a hand in the employ of a railroad company, and as to the conduct of an engineer having the supervision of the hand, is in dispute, it would not be proper for a court, taking certain of the facts apart, from the others and the surrounding circumstances, such facts not having, in law, any conclusive and definite effect, to say to a jury that they did constitute negligence.

GENERAL TERM.—On motion of defendant for a new trial reserved from special term. The decision states the facts sufficiently.

*King, Anderson & Sage,* for plaintiff.

*Fox & French, Curwen & Wright,* for defendant.

GHOLSON, J., delivered the opinion of the court.

This action is brought to recover damages sustained by an alleged act of negligence on the part of an engineer in the employment of the defendant. The plaintiff was a fireman also in the employment of the defendant, at the time he sustained the injury, which was the loss of an arm, while engaged in what he claimed to be an act of duty, done under the control and direction of the engineer, a superior officer.

The first question which arises is, whether the case by the allegations and proof, is brought within the principle of the

4

doctrine established in the State, by the case of *Little Miami Railroad Co.* v. *Stevens.* 20 Ohio, 415.

We think that it very clearly is. The plaintiff was under the direction and control of the engineer, and the negligence alleged is that of the engineer. It consisted, if at all, in an act over which the plaintiff had no control, and in the doing of which he can not be said to have participated.

The next question is, whether the plaintiff was himself in fault. It appears, we think, that he was engaged in doing that which he had before been ordered to do, and at a time and place which, under the circumstances, made it a proper discharge of duty on his part. At least such a conclusion may be fairly and properly drawn from the evidence. This makes a *prima facie* case of not being in fault. 16 Penn. St. 463, *Beatty* v. *Gilmore.*

The remaining question is, whether there was negligence in the engineer. And if the plaintiff, at the time and under the circumstances he received the injury, was in the discharge of his duty, then, it can scarcely be doubted but that the engineer in moving the train without notice or signal, to the certain peril of the plaintiff, was guilty of negligence.

It is, therefore, upon the question whether the plaintiff was himself in fault that the defense has mainly turned. Certain acts, or parts, of the conduct of the plaintiff have been selected, and it is strenuously claimed that these constitute such negligence as to preclude the plaintiff from a recovery. The court at special term was requested so to direct the jury, and its refusal is now claimed to be error. When these charges were asked, the court, refusing them in the form they were proposed, modified them by bringing before the jury certain inferences to be drawn from the evidence, and which, if drawn, would alter the conclusion.

Without inquiring whether the defendant could justly complain of the modifications made by the court, we think it a sufficient answer to say, that the charges asked were in themselves improper. On the one side it was claimed that

there was negligence on the part of the engineer, and on the other that there was negligence on the part of the plaintiff. The question of negligence was the one involved. Would it have been proper for the court, taking certain of the facts apart from the others, and the surrounding circumstances, such facts not having in law any conclusive and definite effect, to say to the jury that they did constitute negligence? We think in such a case as the present, negligence, if not a question of fact for the jury, is at least a mixed question of law and fact, which it would have been improper to take from the jury by the charges which were asked. 14 Johns. 304-307; 5 Moore, Pri. Ca. 110-126; 59 Eng. Com. Law, 81; 2 Ad. and El. 256-261. It would have been very proper for the court to direct the jury as to the premises from which they might draw their conclusion on the question of negligence, but they ought to have been left to say, under all the circumstances, whether the negligence alleged was established.

And this leads to what we consider another fatal objection to the charges, and the one which the judge at special term evidently had in view in their refusal. They are predicated on an imperfect statement of the facts and circumstances bearing on the point to which they are directed; they exclude from the consideration of the jury matters in testimony proper to be considered. 2 How. S. C. 483, *Rhett* v. *Poe.* Several of the charges are predicated on the supposition that it devolved on the plaintiff as a duty, before he engaged in the act which led to his injury, to give notice to the engineer. Even if the existence of any such duty could generally be considered a matter of law, it might surely be dispensed with in particular cases, and there were circumstances in this case which were proper to be considered by the jury, showing that from the conduct of the parties it had been dispensed with, and that the engineer must be considered as having knowledge of the position of the plaintiff at the time he moved the engine.

But we do not regard this view material, being satisfied

that there was no right to ask the court to charge, as a matter of law, that any such duty existed under the circumstances. Whether the not giving notice under all the circumstances constituted negligence, was a matter proper for the jury.

We see no reason to be dissatisfied with the verdict of the jury, and do not think the defendant has been prejudiced by any direction of the judge on the trial. The motion for a new trial ought therefore, in our opinion, to be overruled.

Motion overruled.