It was alleged in the complaint and admitted by the answer, that the plaintiffs had been, from the 1st of June, 1850, a time long anterior to the injury complained of, and still were, "lessees of certain lots and premises on the pier in front of the city of Albany, and had erected thereon certain buildings or warehouses for the use of themselves, their customers, and to rent to others. The damages claimed and recovered were for injuries to their buildings. The defendants merely denied by their answer that the plaintiffs occupied the premises, a fact not alleged in the complaint or necessary to the action. Actual occupation was not necessary. The interest in the term, and the right of possession thus admitted, gave the right of action for the injury complained of But it came out upon the trial, upon the cross-examination of *Page 344 
one of the plaintiffs' witnesses, that the building which was destroyed was, at the time it fell, in the actual occupation of the Syracuse and Oswego line, who had hired it of the plaintiffs in the winter of 1852, the excavation by the defendants having been commenced in October or November preceding. The possession of the actual occupants was under a lease from the plaintiffs, but the terms or duration of the lease did not appear. It will not be assumed, in the absence of any averment or proof to that effect, that the plaintiffs had parted with all their interest in the term or the premises. The occupants were sub-lessees of a portion of the premises under the plaintiffs, having a term less than that of the plaintiffs, leaving the plaintiffs a reversionary interest in their unexpired term. If they owned the buildings, with the right of removal at the expiration of their term, the destruction of them was a direct injury, for which an action lay for the present value of the property destroyed. If they had not the right to remove them, then they had become a part of the freehold and the reversionary interest of the landlord, and the plaintiffs were responsible to the landlord for their destruction by the tortious negligence of the defendants. It was waste, for which the tenants were responsible, and, being bound to answer to the landlord for the full value of the building, they were entitled to recover the same amount from the wrongdoer. (Cook v. Champlain Trans. Co., 1 Denio, 91.) If they were the owners of the building, they would necessarily be entitled to recover its full value: within the principle of the case cited, a like result would follow if the building, by annexation, had become the property of the landlord. Again, as tenants, they had an interest in the building as a source of profit in itself and as necessary to the profitable occupation of the demised premises, which gave them a right of action for its destruction. The measure of damages depended upon the value of the interest destroyed, or, in other words, the actual pecuniary loss to the plaintiffs, as tenants, for the unexpired term. The defendants contend that because their wrongful act may have damnified the inheritance, giving an action to the reversioner, the tenant could have no action for the *Page 345 
injury to him. But each may have a remedy for the damages sustained in respect to his particular estate. If the same act deprives the tenant of the temporary enjoyment of his term, and also injures the inheritance, the injury to the tenant is not merged in that done to the owner of the larger and reversionary estate. Whether the measure of the plaintiffs' damages should be the value of the building, the cost of its repair or the value of its use during the residue of the term, or what should be the true measure of damages, was not made a question upon the trial. It was assumed by the defendants, by not excepting to the rule of damages suggested by the court or suggesting any other, that the right of the plaintiffs to recover any amount being established, the principle upon which the damages in respect to the building should be assessed was correct as laid down by the court.
In other words, the only objections touching this branch of the case were to the right of recovery, and not to the amount or the items. The right upon the facts is undoubted. This is not an action of trespass, which is a possessory action, in which the plaintiff must either have the actual possession or the title, with the right of immediate possession, but is an action on the case for the recovery of damages, as well consequential as direct, to the possession as well as the estate or other interest of the party.
I have thus far considered the objections to the title of the plaintiffs. The only other exception is to the cause of action as alleged and proved. The principle so ably discussed in Farrand
v. Marshall (21 Barb., 409), is not involved in this action, and, important and interesting as it is, cannot be decided by this court. The complaint is for so carelessly and negligently enlarging and widening a certain cut or opening in the pier, that, by and through the carelessness and negligence of the defendants, the buildings of the plaintiffs were thrown down and destroyed. Evidence was given tending to show that, with proper and sufficient dispatch and care, the work could have been done so as not to have injured the plaintiffs' building, and that with proper precautions no injury *Page 346 
would have been occasioned; and the defendants' liability was made by the judge, in submitting the cause to the jury, to rest upon the fact of their negligence in making the excavation. It was no where suggested in the pleadings or upon the trial, that the land and buildings of the plaintiffs had fallen, by reason of the excavation having been so near the dividing line between the plaintiffs' and defendants' land, as to take from the former its natural support so that it could not stand by its own cohesion, by reason whereof the defendants had become liable to respond in damages. On the contrary, the right to make the excavations in a proper and careful manner was conceded, and it was submitted to the jury whether the work of excavation had been negligently conducted by the defendants, and they were told that if it had been so conducted the defendants were liable for the injury. Whatever were the rights of the defendants in the occupation and improvement of their own premises, they were held to ordinary care and diligence in such occupation and improvement. A party is not excused from the consequences of his own negligence by the fact that the negligence occurs upon his own premises, and in the performance of an act lawful in itself. A lawful act may not be performed in a careless and negligent manner to the injury of a third person with impunity. If the hayrick of A on his own premises ignites from his negligence, whereby the property of B is burnt, A is liable to an action on the case. (Vaughan v.Menlove, 7 C. P., 525.) So if A set fire to his own fallow ground, as he may lawfully do, and the fire spread to the woodland of his neighbor, no action lies against A, unless there was some negligence or misconduct of himself or his servants, and in such case the action lies. (Clarke v. Foot, 8 John., 421;Bush v. Brainerd, 1 Cow., 78; Baily v. Mayor of New York,
3 Hill, 531, affirmed 2 Denio, 433; Gardner v. Heartt, 1 Denio, 466; S.C., 2 Barb., 165.) Dodd v. Holmes (1 A. E., 493), decides this case in principle and upon the ground upon which it was put at the circuit. It was there held that when it was alleged and proved that the defendant so negligently, unskillfully and improperly dug his own soil that *Page 347 
the plaintiff's house was thereby injured, an action lies. All the judges agreed that it was properly put to the jury to say whether the allegations of negligence were proved, and they having found in the affirmative, the cause of action was established. There being some evidence of negligence, the judge at circuit properly refused to decide it as a question of law, and submitted it to the jury. (Foot v. Wiswall, 14 John., 304.)
There was no evidence of the plaintiffs' negligence, or that their want of proper care contributed to the injury. They had no right to go upon the defendants' premises to build a wall, drive piles and complete the excavations, or to shore up their own building; and it did not appear that they could have prevented the injury by any act which they could have done upon their own premises or lawfully upon the defendants' land. Most certainly there was no evidence of negligence on the part of the plaintiffs so clear and conclusive as to authorize the judge to rule as matter of law that the plaintiffs were, by reason of it, barred of their action. There was no exception to the charge of the judge upon that point, nor any request to submit the question to the jury. It must be assumed, therefore, that there was no error in the submission of the cause to the jury upon any question connected with the plaintiffs' acts or omissions, and that the well-established rules of law, as contended for by the defendants, were declared by the judge in his charge to the jury.
There was no error of law upon the trial, and the judgment of the court below must be affirmed.
SELDEN and SMITH, Js., expressed no opinion.
Judgment affirmed *Page 348