By the Court, Robertson, Ch. J.
The main questions in this case are the sufficiency of the evidence to establish negligence on the part of either or both parties. No difficulty arises from drawing the line of demarcation between gross and ordinary negligence, since any negligence on the part of the plain *30 tiff deprives him of all right of action. ( Wilds v. The Hudson R. R. Co., 24 N. Y. Rep. 430.)
The doctrine that negligence is a pure question of law when the facts constituting it are conceded, and must therefore be determined by the court, was early admitted, and is constantly ■ adhered to in the jurisprudence of this state. (Foot v. Wiswall, 14 John. 304. Steves v. Oswego and Syracuse R. R. Co., 18 N. Y. Rep. 422. Dascomb v. Buffalo and State Line R. R. Co., 27 Barb. 221.) However much language inconsiderately employed in some cases may seem to throw a doubt upon it, it is true the cases do not always clearly distinguish between the facts which constitute and the circumstances which establish negligence, and do not define the nature of the facts whose admission makes negligence entirely a question of law. The mere circumstances of a case, as they are termed, may not be the subject of conflicting evidence and yet how far they may establish the essential fact of negligence by inference when they do not do it directly, is a proper question for a jury. (Dascomb v. Buffalo and St. Line R. R. Co. ubi sup.) As negligence, is the absence of the care and vigilance usually bestowed by prudent men either in a transaction of a particular kind, (Ernst v. Hudson R. R. Co., 24 How. Pr. 97,) or generally in all their actions, (Center v. Finney, 17 Barb. 94,) what would be such care in a particular case may be a subject of inference from numerous facts and circumstances, and may therefore be properly submitted to a jury. Thus, caution in the construction of a public work, (Brown v. Mohawk and Hudson R. R. Co., How. App. Gas. 66; Polar v. N. Y. Central R. R. Co., 16 N. Y. Rep. 476,) and care in the transportation of merchandise, have been held to be proper questions for a jury.
Cases of negligence are not taken out of the general rule, that a plaintiff should be nonsuited when a verdict in his favor would be set aside as against the weight of evidence. (Wilds v. Hudson R. R. Co., ubi sup.) There are certain acts which it is clear no person of ordinary foresight and caution would do or fail to do, as the case might be. To drive a wagon across a *31 railroad without previously looking out for a locomotive is negligence in law. (Brooks v. Niag. Falls R. R. Co., 27 Barb. 532. Owen v. Hudson River R. R. Co., 2 Bosw. 374. Dascomb v. Buffalo &c. R. R. Co., ubi sup.) So to permit an infant to wander into a highway unattended, (Hartfield v. Roper, 21 Wend. 615,) unless excused by the other circumstances of the case, (Oldfield v. N. Y. and Harlem R. R. Co., 14 N. Y. Rep. 310,) or a lunatic to remain unattended in a railway car, who was ejected for not paying his fare ; Willetts v. Buffalo &c. R. R. Co., (14 Barb. 585,) was equally so. And there are Other acts which are undoubted acts of negligence. To spring from a car when moving at a high rate of speed, except for the purpose of saving one’s life or limbs, (Eldridge v. L. Island R. R. Co., 1 Sandf. 89,) would, in law, clearly be such an act as to exempt the owners of the cars from all responsibility for any injury produced thereby. It would be an act of negligence, at least, if not willfulness. Whether stepping or jumping off while the cars were at a less or low rate of speed, would be so palpably an act of negligence as to be a matter of judicial cognizance, and therefore a question of law, is to be considered, as upon the determination of that question-this case turns.
The propriety of the plaintiff’s presence on the front platform of the car, from which he attempted to step when he received the injury complained of) and the effect of the direction of the driver to him to leave, at least so far as it was at all coercive, were equally immaterial on the question. Such presence was by consent of the agents of the company, and therefore rightful; besides the injury was not received by being there, but in the attempt to leave. The suggestion of the driver, whether it was to get off, or jump off, was not in fact and was not intended as a command to be enforced, or which any demonstration was made to enforce. At the most it was a mere advice or a' direction. Whether the plaintiff could be absolved from a charge of negligence to which he would otherwise have been amenable, by following such advice, presents other considerations.
The refusal or neglect of the agents of the defendants, to *32 stop the cars and enable the plaintiff to descend safely, did not justify him in incurring extra hazard, if any, by descending from the cars while in motion. He had an ample remedy for being carried beyond his intended stopping place. Such an abduction would closely resemble false imprisonment. Yet restraint of one’s liberty in any other mode, would not render the party guilty of such restraint liable for damages for an injury sustained by the imprisoned party in a desperate and reckless attempt to escape, unless under a reasonable apprehension of greater evils by remaining confined, similar to the act of springing from cars to avoid a greater prospective injury.
The fact that multitudes daily step in safety from railroad cars while in motion does not necessarily relieve such act from the charge of negligence, even when done with care. If it does, it either makes the plaintiff’s injury the result of an unforeseen cause or of some inattention or carelessness on his part. If there be no danger in such act, unless carelessly done, and the constant practice of mankind is proof thereof, the agent of the company was fully justified in recommending the plaintiff to descend while the car was in motion^ although he asked him to stop. If there was any danger in such an act, the plaintiff was as much bound to avoid it as the defendants were not to contribute to its occurrence. They are not responsible for the consequences of his own voluntary act. If such stepping off the cars, while in motion, were a safe and usual mode of quitting them, the plaintiff, if embarrassed by any hurry, surprise or confusion, should have displayed such embarrassment to the agents of the defendants in order to enable them to exert extraordinary caution for his protection in the case. But there was no evidence of any surprise ; the mere direction of the driver to get off should not produce any surprise if it were an ordinary occurrence. In estimating the elements of danger, an injured party may be absolved from an imputation of negligence by surprise created by noise, bustle, hurry and confusion. But only in case there were a rate of speed within which an attempt to step off cars in motion might safely be made with ordinary caution would any sur *33 prise which prevented the discovery of, or a mistake as to, the time when such degree of speed was reached, relieve the person stepping off, from the charge of negligence in selecting an improper time to descend.
There are no circumstances in the case, bearing on the question of due caution by the plaintiff, to modify the character of his actual conduct in stepping from the cars while in motion, except his request to stop, and the suggestion by the driver to him to descend ; neither of which alter it. All the evidence as to his youth and inexperience, his previous riding in the cars, his payment of his fare on the front platform, his inability to procure a seat inside of the car or to reach the conductor when desirous of getting off, by reason of the mass of passengers in the car, was, for reasons already given, quite immaterial ; none of such facts affect the question of negligence in getting off the car while in motion. They did not warrant his so getting off and incurring an unnecessary hazard, rather than be carried out of his way. Such risk was not the natural and necessary consequence of such circumstances. If any act had been done by any of the agents of the defendants to induce the plaintiff to believe the car was about to be stopped, and in consequence thereof he stepped off, believing that it was stopped, there might be some reason for making the defendants responsible. But there is not the slightest evidence of any such act in the case.
The refusal of the driver to stop being an act not of negligence but willfulness, it is not to be assumed that he expected that the plaintiff would take the risk of stepping off while the car was in motion. The cause of action in this case, properly stated, should therefore rather be, attempting to carry the plaintiff beyond his stopping place, against his will, and after a request by him to stop. In such a case he could hardly recover for damages incurred by attempting to quit the car while in motion. The refusal to stop was also not the immediate cause of the injury. His own act of stepping off before the car was stopped which was such cause, although *34 provoked, was not caused by such refusal, and therefore the latter cannot be claimed to be an act of negligence which gave a right of action. Nor am I prepared to admit that the direction of the driver to leave, given and received as advisory, could make a case of negligence against the defendants, any more than it could excuse the plaintiff’s want of care in stepping off while the cars were moving. Even if he were authorised to give such advice, it could only be construed as a representation or warranty of safety ; for injury from following which, the action should be on contract, and not in tort for negligence. There is no allegation in the complaint that the plaintiff’s incautious act of stepping off before the cars had stopped was in consequence of any such express or implied representation by the defendants or their agents as to the security of such act.
If there be any degree in the speed at which a car is required to move in order to make stepping from it, while moving at that rate, negligence as matter of law, although motion at an inferior rate would not have the same effect, there was no proof of the speed in this case. And the actual result of such act in question is at least prima facie evidence that the speed at which the car was moving at the time of the accident rendered it dangerous so to step off, and there was no evidence to the contrary.
The complaint was therefore properly dismissed, and the judgment should be affirmed, with costs.
McCunn, J. dissented.
Judgment affirmed.