### EDSON W. COOK vs. MORELL POTTER.

In an action on the case, for negligence, the plaintiff cannot recover unless there was negligence on the part of the defendant, and freedom from contributory fault on the part of the plaintiff.

Negligence is a violation of the obligation which enjoins care and caution in what we do,—is the want of such care as men of ordinary prudence would use under similar circumstances.

*Kalamazoo Circuit, May,* 1871.

*May & Buck*, Attorneys for Plaintiff.

*Severens & Burrows*, Attorneys for Defendant.

*Charge of the Court*, by BROWN, J.—*Gentlemen of the Jury:* The plaintiff in this action claims that on the evening of the 30th of October, 1869, at the village of Brady, in this county, he had his team—a span of horses—harnessed to a lumber wagon, hitched to a post or rail in the street, the rear end of the wagon extending out into the street, and that while the team were thus standing, the plaintiff rode his horse violently against the wagon, upsetting or partially upsetting the same, and thereby frightening the plaintiff's horses so that they broke away and ran off with the wagon, breaking it and the harness, to the plaintiff's injury and damage. The plaintiff also claims that by reason of the fright occasioned to his horses, they have been rendered less safe and reliable, and that ever since then they have been easily frightened and occasionally break away from their driver, and that by reason of their being thus easily frightened and prone to run, their value is greatly reduced.

It is not contended that there was anything willful on the part of the defendant.

The Court is requested by the attorneys for the defendant to charge you, " that in order to entitle the plaintiff to recover in an action of this character, where the plaintiff claims a right to recover on the ground of the defendant's negligence, two things must concur : negligence on the part of the defendant, and freedom from contributory fault on the part of the plaintiff." Such I recognize to be the law.

If you find from the evidence that the injury complained of was the result of an accident, not intentional, the defendant is not liable without proof of negligence amounting to want of ordinary care.

By ordinary care is meant such care as is generally used in the every day life and conduct of men.

If you find from the evidence that the defendant did not use ordinary care and diligence, still if you find that the plaintiff, in the manner in which he left his wagon projecting into the high-

way, was guilty of negligence, and that such negligence contributed to the injury, then you must find for the' defendant.— 22 *Wis.*, 245 ; 2 *Mich.*, 265.

The greatest negligence on the part of the defendant will not cure the defect of the least negligence on the plaintiff's part.

"Unavoidable accident," is not such an accident as is physically impossible in the nature of things for the defendant to have prevented, but by unavoidable accident is only meant that it was not occasioned by the want of such care as the law holds every man bound to exercise. 8 *Wend* , 472.

No one is responsible for an injury caused purely by unavoidable accident, while he is engaged in a lawful business, even though the injury was the direct consequence of his own act. *Shearman & Redfield on Negl.*, § 5 ; 2 *Camp.*, 500 ; 8 *Wend.*,469 ; 18 *E. C. L.*,(2 *Chitty,*) 638 ; 1 *Bing.*, 215 ; 21 *Wend.* 618 ; 17 *Barb.*, 94.

A difficulty sometimes arises in determining what amounts to negligence. The defendant would be bound to exercise more care in riding through a town in the darkness and where teams were liable to be hitched, than he would be when riding in the open country by daylight and where teams were not likely to be met with. 4 *Dana*, 497.

The best definition of negligence that I have seen, is to be found in the opinion of the Court, in the case of the *Tonawanda R. Co. vs. Munger*, 5 *Den.*, 255, 267. " Negligence," says the learned Judge, " is a violation of the obligation which enjoins care and caution in what we do " And yet, this definition does not give us an idea of the extent and degree of the care and caution we are to use. It has been held, in numerous cases, that when the facts in a case of this character are undisputed, a question of law is raised, and that the Court should decide it. But if negligence is the want of such care as men of ordinary prudence would use under similar circumstances, it occurs to me that the jury with their experience and observation are quite as well, if not better qualified to judge as to what men of ordinary prudence would do under like circumstances, and I cannot resist the conviction that a jury of farmers who are in the

COOK vs. POTTER.

habit of using teams and of observing how others use their teams, are much better qualified than I am, to judge and pass upon the question thus presented.

Now, gentlemen, the damages sustained by the plaintiff in this cause were the result of a combination of circumstances. Take away either of the circumstances, and, so far as we know, the collision would not have occurred. It is important, then, for you to enquire as to each of the circumstances contributing to the injury, and see who is responsible for such circumstances, and whether the connection of the parties with those circumstances were such as to make them guilty of a fault—and by a fault we mean a dereliction from duty, a deviation from propriety.

It is your duty to consider each of the circumstances directly contributing to the injury complained of, and if you find the defendant in fault and the plaintiff not in fault, in any respect, then your verdict should be for the plaintiff, for the damages directly and naturally resulting from such acts of the defendant as you find were careless and negligent, such as the breaking of the wagon and harness, and if you find that by reason of the wrongful act of the defendant, the plaintiff's team has become and has continued to be liable, apt and accustomed to run away, and in a measure unmanageable, then you should award to the plaintiff as damages on that account whatever the team has been lessened in value by reason of such wrongful act of the defendant.

But, if you should find from the testimony, that the plaintiff was guilty of a fault in bringing about any of the circumstances without which the injury would not have been occasioned, he cannot recover. In short, the plaintiff is entitled to recover, if he has shown by a preponderance of evidence that the defendant was negligent and that he, himself, was free from contributory fault. Otherwise he is not.