# RE EXCELSIOR SHOE COMPANY.

# RE EXCELSIOR SHOE COMPANY.

# RE EXCELSIOR SHOE COMPANY.

TRADEMARK; JUDICIAL NOTICE; DESCRIPTIVENESS; DECEPTIVENESS.

1. The rule that a judge is not to shut his eyes to what everybody else of intelligence knows, applies with peculiar force in proceedings in the Patent Office.

2. Though no evidence is introduced to show that there is such an organization as boy scouts, the Commissioner of Patents may take judicial notice of the fact in passing upon an application for a trademark involving that name.

3. Labels for shoes bearing the words "Boy Scouts," in conjunction with figures representing boys in scouting uniform, cannot be registered as trademarks, since they are descriptive and deceptive, or both, as indicating that the particular shoes are of superior quality, approved by the association of boy scouts, and marked with its name by its authority. Whether the figures, without the descriptive words, are registerable, *quære.*

4. Where the affidavit accompanying an application for registration of a trademark fails to show that the mark has been used in commerce

among the States, or with foreign nations, or with the Indian tribes, as required by the trademark act, secs. 1 and 2, the application is fatally defective.

Nos. 841, 842, 843.   Patent Appeals.   Submitted May 13, 1913.   Decided May 26, 1913.

HEARING on separate appeals from decisions of the Commissioner of Patents refusing registration of a trademark.

*Affirmed.*

The facts are stated in the opinion.

*Mr. James Hamilton* for the appellant.

*Mr. Robert F. Whitehead* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

These separate appeals from decisions of the Commissioner of Patents denying registration of a trademark involve substantially the same question, and have been heard as one.

The trademark is the word "Boy Scouts," applied to leather and canvas shoes for boys, youths, and men. In No. 841 a representation of the mark consists of a youth on horseback, dressed in the garb of a cowboy or scout, with the words "Boy Scouts" printed thereunder in conspicuous letters; this is stamped or printed on the sole of a shoe. It was shown in the course of the application that there was affixed to the boxes containing each pair of shoes a label in colors, on which appears not only the scout on horseback, but pictures of boy scouts engaged in various sports. The most conspicuous thing in this label is the words "Boy Scouts" in white letters on a red back ground. It also shows that the shoes are manufactured by the Excelsior Shoe Company, of Portsmouth, Ohio. Each application states that the trademark has been "continuously used in the business of said corporation since July 1, 1910."

The mark described in No. 842 is a picture of a youth dressed for an outing, who holds in his hands a line intended to represent a lasso, the noose embracing a shoe, and the intermediate convolutions forming the letters of the word "Scout." It does not appear what labels were used on the shoe boxes.

The mark described in No. 843 is the figure of a fully equipped boy scout or cowboy on horseback. The accompanying label used on the shoe boxes shows this figure on a circular background with the words "Boy Scouts" in large letters overhead, and the Excelsior Shoe Company, Portsmouth, Ohio, underneath. The trademark is claimed to be affixed to the goods or the packages containing them by means of a printed label.

The Examiner of Trademarks denied registration in each case on two grounds: 1. That the mark is the name of a well-known organization. 2. That it is descriptive or deceptive. The Commissioner affirmed the Examiner's decision on the second ground, and declared it unnecessary to pass upon the other.

The appellant contends that, as there was no evidence introduced to show that there is such an association or organization as the boy scouts, the Commissioner cannot take notice of the same. The rule that a judge is not to shut his eyes to what everybody else of intelligence knows applies with peculiar force in proceedings in the Patent Office, for reasons that are obvious. Taking notice that the "boy scouts" is an association comprising a great number of youths throughout the United States devoted to out-of-door exercises and sports, the Commissioner was right that their name applied as a trademark for shoes was either descriptive or deceptive, or both, as indicating to purchasers that the particular shoes were of a superior quality approved by the association of boy scouts, and marked with their name by their authority.

It is unnecessary to consider other grounds of objection. It may be remarked, also, that the several applications for the registration of these marks are fatally defective in that the accompanying affidavit does not show that the mark has been used in commerce among the States, or with foreign nations, or with

the Indian tribes, as expressly required by the trademark act, secs. 1 and 2. We are not to be understood as holding that the applicant might not obtain registration of the figure represented on his label, provided it has not been appropriated by some other manufacturer. What we hold is that he cannot obtain registration for it with the accompanying words "Boy Scouts."

The decision in each appeal is affirmed, and this decision will be certified to the Commissioner of Patents.         *Affirmed.*

A motion for a rehearing was overruled October 9, 1913, Mr. Chief Justice SHEPARD delivering the opinion of the Court:

The motion for rehearing calls attention to an error in the opinion of the court in this case, in which it is stated that the affidavit accompanying the application for trademark did not show that it had been used in interstate commerce.

The affidavit does show the fact, and the statement should have been that the application did not show the fact. This, however, is immaterial, and did not enter into the determination of the case.

The motion for rehearing presents substantially the same argument that was considered on the former hearing. We find nothing in it to change our opinion, and the motion in the case is *overruled.*