## MALCOLM E. DWYER *v.* HARRIET R. CHEW.

</div>

*Automobile Collision—Questions for Jury—Proximate Cause—
Unavoidable Accident—What Constitutes.*

In an action on account of injuries received in an automobile collision, the descriptions of the accident by plaintiff and defendant being wholly irreconcilable, and each finding support in the testimony of other witnesses, the proximate cause of the accident was a question for the jury.                    p. 283

Contributory negligence was not imputable to plaintiff as matter of law because of her negligent management of her car, causing it to leave the road and to cross to the wrong side, plaintiff testifying that defendant was then several hundred feet distant, and that her car had returned to the right-hand side of the road before the collision.                    p. 284

It was proper to exclude defendant's prayer based on the theory that he was not liable if, under the pressure of an emergency, he committed an error of judgment in driving his automobile to his left in an effort to avoid a collision, defendant having testified that the accident occurred when his car was standing still, and plaintiff, that her car was on the right-hand side of the road and that defendant could have passed on her left.                    p. 284

A prayer exempting defendant from liability if the collision in which plaintiff was injured was the result of an unavoidable accident, which the prayer defined as "an inevitable occurrence not to be foreseen and prevented by vigilance, care and attention, and not occasioned or contributed to in any manner by the act or omission of the defendant," was properly modified, as to the latter part of the definition, so as to indicate that an unavoidable accident would be an occurrence to which no act of either the plaintiff or defendant contributed.          p. 285

An unavoidable accident, as a subject of judicial inquiry, is one which could not have been obviated by the exercise of legally requisite care by any of the persons whose responsibility for the occurrence is asserted or denied.          p. 285

*Decided December 10th, 1925.*

Appeal from the Baltimore City Court (DAWKINS, J.).

Action by Harriet R. Chew against Malcolm E. Dwyer. From a judgment for plaintiff, defendant appeals.   Affirmed.

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Edwin W. Wells* and *George Ross Veazey,* for the appellant.

*Bowie & Clark* and *Edward H. Burke,* for the appellee.

URNER, J., delivered the opinion of the Court.

While the plaintiff was driving her automobile on the York Road in Baltimore County it collided with a car driven by the defendant, and for the injuries to her car resulting from the collision, the plaintiff sued the defendant and recovered the judgment which is the occasion of this appeal.   The only bill of exception in the record relates to the ruling of the trial court on the defendant's prayers.

The accident occurred on the afternoon of September 19th, 1923, as the plaintiff, with three other persons, was returning in her Buick sedan automobile from York, Pennsylvania, to her home in Towson, Maryland. According to the plaintiff's testimony, she was driving slowly down a hill, at the foot of which the road curved to the left, and in going around the curve, close to the edge of the macadam on the right-hand side of the road, which was damp from rain, her car slipped off the macadam "into the dirt," that she then increased the speed to get back on the macadam, and this carried the car to the left-hand side of the road, that "when she got across and turned to right her car she looked up and saw another automobile (the defendant's) coming over the hill, about three or four hundred feet away," that after she saw the defendant's car, she was "trying to get over on the right-hand side of the road," and "was well over the white mark," which indicated the center, when the defendant's car, though having room to pass on her left, attempted to cross in front of her automobile and thus caused the accident. The defendant testified, in effect, that he was driving a Studebaker touring car and as he approached the place of the accident from the south, he was on his right-hand side of the road, and the speed of the car was between fifteen and twenty miles an hour, that he saw the plaintiff's car coming down the hill, but it became hidden from his view when it "'went off'" the road at the curve, that when it came into view again it "made a sharp turn, swinging off the road on the other side, and almost hit the fence," that the plaintiff then "made a curve, with one-half of her car off the macadam and she swung clear across," "striking his right hind wheel and mud guard," while his car was on the east side of the road and after he had brought it to a full stop.

It thus appears that, as to the proximate cause of the accident, the descriptions given by the plaintiff and defendant are wholly irreconcilable. But each of the conflicting versions has support in the testimony of other witnesses. It was clearly a jury function to determine as to the facts which were involved in such a contradiction.

Contributory negligence as a matter of law is not imputable to the plaintiff, as argued for the defendant, because of her unskilful management of her automobile, in allowing it to slip off the macadam at the curve and to cross the road to the opposite side while she was trying to regain a proper course of movement on the road, and in turning the car from the left to the right side of the road when the defendant's car was approaching, in view of the plaintiff's testimony that the defendant was then several hundred feet distant, and that her car had returned to the right-hand side of the road before the impact. If her automobile was actually on that part of the road when the accident happened, and if, as she and some of her witnesses testified, the cars collided because the defendant turned his car to his left, it could not be held that there was such a proximately causal relation between the previous maneuverings of the plaintiff's car and the collision as to prove her conclusively guilty of contributory negligence on that ground.

The principal argument on appeal referred to the defendant's sixth prayer, which sought an instruction to the jury that if the defendant "in the pressure of the emergency created by the fact that the plaintiff's automobile appeared ahead of his on the wrong side of the road," if the jury should so find, "committed an error of judgment in driving his automobile to his left in an effort to avoid the collision," "but that in so doing the defendant did not fail to exercise the ordinary degree of care which a reasonable prudent man would have exercised in like circumstances in view of said emergency," then the defendant was entitled to a verdict in his favor. It is unnecessary to discuss the theory of law upon which this prayer was based, because there is no evidence sustaining its theory of fact. It is inconsistent with the defendant's own account of the accident, and it finds no support in the plaintiff's narrative. As described by the defendant, the collision occurred when his car was standing still, while the plaintiff's statement that her car was on the west side of the roadway and that there was sufficient room

for the defendant to pass on her left is opposed to the hypothesis of the emergency action upon which the prayer is predicated. The refusal of the prayer was proper.

The third prayer of the defendant proposed that he be exempted from liability if the collision was the result of an unavoidable accident, which the prayer defined as "an inevitable occurrence not to be foreseen and prevented by vigilance, care and attention, and not occasioned or contributed to in any manner, by the act or omission of the defendant." The court granted this prayer after modifying the latter part of the definition of unavoidable accident so as to indicate that it would be an occurrence to which no act or omission of either the plaintiff or defendant contributed. The effect of the modification was to make the prayer more nearly conform to one held to have been properly granted in *Kaline v. Davidson,* 146 Md. 220. As offered, the prayer adopted a form of expression used in the opinion of this Court in *Washington Turnpike Co. v. Case,* 80 Md. 36, and quoted in *Leland v. Empire Engineering Co.,* 135 Md. 217. For the purposes of the definition of an unavoidable accident in an instruction based upon that ground of defense, and considered with reference to the circumstances of this case, the modification excepted to was not erroneous. An unavoidable accident, as a subject of judicial inquiry, is one which could not have been obviated by the exercise of legally requisite care by any of the persons whose responsibility for the occurrence is asserted or denied. If either the plaintiff or defendant could have averted the accident by proper care, it could not be said to have been unavoidable. The first part of the prayer implied that idea, and the court's modification of the subsequent clause made the prayer as a whole clear and consistent.

The issues in the case were fairly submitted to the jury by instructions granted at the defendant's request. In the refusal of his other prayers, which were directed to the withdrawal of the case from the jury, no error was committed.

*Judgment affirmed, with costs.*