Per Curiam.

The court charged the jury that, there being no claim that plaintiff was contributorily negligent, any one of four verdicts was possible: that both defendants were negligent; that either one or the other was negligent; or that the accident was unavoidable and neither defendant was liable. The verdict reached by the jury was the fourth alternative, that the injuries were received by the plaintiff as the result of an unavoidable accident.
While there was testimony from which it might be concluded that the owner and driver of the car in which the plaintiff was a passenger might have known of a mechanical defect affecting her vehicle, the charge did not spell out the owner’s duties in this respect. (Higgins v. Mason, 255 N. Y. 104.) To justify a verdict of “ unavoidable accident ”, the jury should have been
*954 instructed that they must find from the evidence that the rear-end collision happened from an unknown cause or in an unexplainable manner not occasioned or contributed to by want of care of either or both defendants. (Dygert v. Bradley, 8 Wend. 469, 473; Sullins v. Pace, 208 S. W. 2d 583, 584 [Tex.].) In view of the paucity of proof of an “ unavoidable accident ” and the failure of the charge to inform the jury that in a legal sense an ‘ ‘ unavoidable accident ’ ’ can only occur in the absence of negligence, in the interests of justice (Fox v. Brown, 169 App. Div. 661) we are constrained to reverse and order a new trial.
The judgment should be reversed and new trial ordered, with $30 costs to appellant to abide the event.
Concur — Tilzeb, J. P., Gold and Capozzoli, JJ.
Judgment reversed, etc.