Ellsworth N. Lawrence, J.
This is a motion to set aside a verdict of no cause of action upon the usual grounds.
The evidence submitted was sufficient to enable the jury to return a verdict for either party. •
The defendant, however, by answer had raised the affirmative defense that the accident was “inevitable or unavoidable”. There was no motion to strike this affirmative defense.
At the request of the defendant, following the principal charge, I instructed the jury in substance that if the jury found that the accident was unavoidable, they should return a verdict of no cause of action. The plaintiff excepted.
The facts were that the infant plaintiff ran between parked cars which were waiting for a change in the traffic light. He ran into the opposite lane of traffic which had just started to move. Having almost reached the opposite curb, he stopped. Possibly he stopped because one of his young friends yelled at him; possibly because he suddenly became aware of the oncoming defendant’s car. In any event the time element was extremely short.
From the cases submitted by counsel, it seems clear that the law of New York is-that accidents may be regarded as unavoidable when not occasioned in any degree either remotely or directly, by the want of such care or skill as the law holds every man bound to exercise.” (Dygert v. Bradley, 8 Wend. 469, 473.) Obviously this can occur only in the- absence of negligence. (Dorn v. Butts, 46 Misc 2d 953.) Under the circumstances here (cf. Buchanan v. Smith, 5 A D 2d 950), particularly the time element, I do not feel that the charge was inappropriate.
The motion is therefore denied.