William Lloyd WATTS, Appellant,

v.

Betty Jean SMITH and Alan Brenner,
Appellees.

William Lloyd WATTS, Appellant,

v.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, a corporation, Appellee.

William Lloyd WATTS, Appellant,

v.

Nathaniel L. JOHNSON, Appellee.

Nos. 3971–3973.

District of Columbia Court of Appeals.

Argued Sept. 19, 1966.

Decided Feb. 3, 1967.

David F. Grimaldi, Washington, D. C., for appellant.

Samuel Intrater, Washington, D. C., with whom Albert Brick, Washington, D. C., was on the brief, for appellees Smith and Brenner.

George H. Eggers, Silver Spring, Md., for appellee Government Emp. Ins. Co.

Hayden C. Johnson and Charles S. Brown, Washington, D. C., for appellee Johnson.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

These appeals lie from judgments upon jury verdicts in favor of plaintiffs below (appellees here) for personal injuries and property damage arising from a three-car collision which they contend was due solely to appellant's negligence in the operation and control of his automobile. In his answer appellant alleged that the accident was unavoidable, but from the record and argument of counsel it is clear that he based his defense not upon an unavoidable accident in the ordinary negative sense where all parties prove themselves free of negligence, but rather upon the positive intervention of an Act of God—a sudden illness which he had no reason to anticipate.

■ An unavoidable accident occurs while all persons concerned are exercising ordinary care. Knox v. Akowskey, D.C. Mun.App., 116 A.2d 406, 407 (1955). It could not have been avoided by the exercise of legally requisite care by any of the persons whose responsibility for the occurrence is asserted or denied. Rosasco v. Sowder, D.C.Mun.App., 31 A.2d 687, 689

(1943). An Act of God is the result of the direct, immediate and exclusive operation of the forces of nature, uncontrolled or uninfluenced by the power of man and without human intervention, and is of such character that it could not have been prevented or avoided by foresight or prudence. Examples are tempests, lightning, earthquakes, and a sudden illness or death of a person. One who, while driving his automobile, is stricken by a sudden illness which he had no reason to expect and which rendered it impossible for him to control his car is not chargeable with negligence. Cohen v. Petty, 62 App.D.C. 187, 65 F.2d 820 (1933).

Appellant's evidence indicated the following: On the date of the accident appellant and his son were alternatively driving the former's automobile while on various errands in downtown Washington. While appellant was at the wheel, the vehicle suddenly accelerated from 20 to 40–45 miles per hour, edged over to the left side of the street, entered an intersection in disregard of a red traffic signal, and collided with two other motor vehicles. The son testified that, as the car speeded up, he asked his father what was wrong, but received no reply, and his father fell across his arm as the witness grabbed the steering wheel in a last-minute effort to avoid the collisions.

Two doctors testified as to the physical condition of appellant. One medical witness, who had treated him after the accident, stated that appellant suffered from "hypertensive cardiovascular disease"; that there was damage to his brain due to "occlusion of his blood vessels"; and that in his opinion appellant had sustained a seizure at the time of the accident. The other doctor testified he had treated Watts before the accident for an ulcerous condition of the stomach and for mild hypertension but that Watts had no reason to expect any

sudden attack due to these ailments. Appellant, his wife and his son all testified that appellant was in good health and drove his car every day.

To counter appellant's Act of God defense, appellees introduced over objection, testimony of the investigating officer that while he was at the scene of the accident, some 20 minutes after the collisions, a man, who identified himself as Joseph Briggs and as appellant's son-in-law, stated that appellant had "high blood pressure" and dizzy spells for which he took pills and "[didn't] drive because he might pass out." [1] The trial court ruled that these statements were admissible as part of the *res gestae* exception to the hearsay evidence rule. Appellant claims this ruling was error.

*Res gestae* is a loose evidentiary term encompassing several hearsay exceptions: verbal acts, statements indicating the mental condition of the declarant, and spontaneous declarations. Jones, Evidence §§ 318–319 (1958). If the obviously hearsay statement of the witness Briggs is to be admissible, it must be characterized as a spontaneous declaration, not only tending to explain the act or occurrence with which it is connected but also indicating a spontaneous utterance of a thought while under the influence of that act or occurrence, with no opportunity for premeditation or deliberation. Jackson v. Goode, D. C.Mun.App., 49 A.2d 913 (1946). Crucial to the admissibility of a statement as a spontaneous utterance is its proximity in time to the occurrence which brought forth the statement and the identity of the declarant. While originally limited to actors or participants, this rule has been liberalized by court decision to extend to spontaneous statements of non-actors or bystanders when their relationship to the occurrence or event is without question. When out-of-court statements qualify as excited utterances,

---

1. When called upon by appellant to testify, Briggs denied he told the officer he was in any way related to appellant or knew anything about the condition of his health.

The trial judge properly submitted to the jury the determination of which version of the conversation was correct, if either.

the hearsay rule removes its bar to admissibility and it is immaterial that the utterer is not a party. Murphy Auto Parts Co. v. Ball, 101 U.S.App.D.C. 416, 419, 249 F.2d 508, 511 (1957). See also, Sanitary Grocery Co. v. Snead, 67 App.D.C. 129, 131, 90 F.2d 374, 376 (1937); Wigmore, Evidence § 1755 (1937), and cases cited therein. What constitutes a spontaneous utterance within that exception to the hearsay rule will depend on the facts peculiar to each case and will be determined by the trial judge in his sound discretion, and his decision will not be disturbed on appeal unless clearly erroneous.

 Briggs' statements were made to the officer at the scene of the accident not more than 20 minutes after the collisions. Rather than the accident itself, the exciting event which produced the utterance might have been the recognition of appellant's automobile and the realization that a friend may have been seriously injured. The courts have cautioned that statements not relating to a description of the event must be carefully scrutinized to test their spontaneity and that a substantial foundation for their introduction must be laid, encompassing the elapsed time and the action, state of mind and general demeanor of the declarant. Murphy Auto Parts Co. v. Ball, supra, 101 U.S.App.D.C. at 420, 249 F.2d at 512; Metropolitan R. Co. v. Collins, 1 App.D.C. 383 (1893). A review of the record convinces us that a proper foundation was laid for the admissibility of Briggs' statements by previous testimony relating to the facts and circumstances surrounding the accident, In Re Lewis, D.C. Mun.App., 88 A.2d 582, 584 (1952), and the trial judge, after careful analysis, correctly found they were spontaneous and not a calm narrative. Absent clear error, we hold the trial judge did not abuse his discretion in ruling the statements admissible

for consideration by the jury together with all other relevant evidence in the case.

 Appellant also contends that the court erred in failing to direct verdicts in his favor at the conclusion of all testimony. The record is replete with conflicting statements by witnesses as to the manner in which the accident occurred and as to appellant's health and physical condition at the time of the accident. With such a plethora of inconsistent evidence before him, the trial judge properly denied appellant's motion and submitted to the jury for its determination the issues of negligence, contributory negligence, proximate cause, and whether the accident was caused by an Act of God. Clearly the jury was not convinced that appellant had carried his burden of establishing by a preponderance of evidence that the accident was solely produced by an Act of God, negating any responsibility on his part for the collisions. There is ample evidence to support the jury verdicts—which we, in any case, have no authority to overturn where there is no error of law.

 Appellant claims error by the trial judge in approving certain jury instructions defining the essential elements of unavoidable accident or Act of God. Although he objected to them when they were originally presented, he did not renew his objections after the charge had been given to the jury, and it must be presumed he waived his objections and accepted them as satisfactory.[2] Furthermore, we have reviewed these instructions and find that the law was correctly stated.

As in our opinion there is no basis for the errors claimed, and there being no challenge to the amounts awarded to appellees as damages, the judgments on the jury verdicts are

Affirmed.

---

2. Civil Rule 51, Court of General Sessions.