**L. Wade SADORUS, Appellant,**

v.

**William M. WOOD, Appellee.**

**No. 4016.**

District of Columbia Court of Appeals.

Argued March 6, 1967.

Decided June 13, 1967.

Richard S. T. Marsh, Washington, D. C., with whom Donald B. Robertson, Washington, D. C., was on the brief, for appellant.

William J. Donnelly, Jr., Washington, D. C., with whom Richard W. Galiher, William E. Stewart, Jr., and William H. Clarke, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN (Associate Judge, Retired).

MYERS, Associate Judge:

This appeal stems from a judgment upon a jury verdict in favor of appellee denying appellant damages sustained in a collision involving their vehicles. Appellant contends that the submission of the case to the jury under an instruction applying the rule of unavoidable accident was improper and to his prejudice.

The uncontradicted evidence shows that while appellant was stopped at the T-shaped intersection of 30th and K Streets, N. W., awaiting opportunity to make a left turn, his truck was struck in the rear by appellee's automobile. It was a clear winter afternoon, and there remained on the street some slight residue of snow deposited the previous week. The concrete surfacing of 30th Street, on which both vehicles were

traveling downhill, was clear to a point near the K Street intersection. On the last 20 to 40 feet of 30th Street, the snow residue had turned to ice, which had become darkened by soot and dirt and stood out in marked contrast to the white concrete portion of upper 30th Street. Appellant testified that the icy area was clearly visible and that there was unmelted snow on both sides of the ice patch. Prior to the impact, appellee had been traveling 8 to 10 m. p. h. and started to slide when he applied braking force to his car, some 15–20 feet behind appellant's truck. The only explanation he offered for his failure to control his automobile so as to avoid the collision was that he did not see the ice prior to the accident. He ascribed its presence to water dripping from the Whitehurst Freeway above and stated it resembled a change in the tar of the road or a wet spot.

After instructing the jury that it must determine whether appellant had carried the burden of proving that the accident was due solely to the negligence of appellee and whether the conduct of appellee was the sole proximate cause of the accident, the trial judge gave a further instruction on unavoidable accident, as follows:

> Now, we have read you and given you the instructions with respect to the responsibilities of persons operating automobiles upon a highway and applicable insofar as you find them, to the facts in this case. As we said to you, the defendant has denied that he was negligent in any way to cause—to be found responsible for this accident. He says it was an unavoidable accident. Now, we will define that to you.

> An unavoidable accident is one that would have occurred in spite of the exercise of ordinary care of the persons involved. The phrase "unavoidable accident" does not mean literally that it was not possible for the accident to be avoided. An unavoidable accident is one which occurs without having been proximately caused by negligence. It is an accident which could have been avoided only by the exercise of exceptional foresight, skill or caution, or which could not have been avoided at all. If you find that this accident was unavoidable as to the defendant then your verdict should be for the defendant. It simply means that you would find him not negligent.

Our concern here is with the prejudicial effect of this instruction upon the minds of the jurors in their understanding and determination of the primary issues of negligence and proximate cause. Although our attention has not been called to any decision in this jurisdiction which has comprehensively reviewed the doctrine of unavoidable accident and its proper applicability, it would appear that in the District of Columbia such an instruction has not been disapproved when given under proper circumstances.[1]

An unavoidable accident, as a subject of judicial inquiry, has been defined as "one which could not have been obviated by the exercise of legally requisite care by any of the persons whose responsibility for the occurrence is asserted or denied. If either the plaintiff or defendant could have averted the accident by proper care, it could not be said to have been unavoidable."[2] While recognizing the existence of this rule, we held in Knox v. Akowskey, D.C.Mun. App., 116 A.2d 406 (1955), that if the driver, knowing the brakes were faulty, persisted in driving, this was a sufficient basis for finding negligence and would prohibit the use of the unavoidable accident instruction;

1. For instance, in the "Act of God" situation. See Watts v. Smith, D.C.App., 226 A.2d 160, 162 (1967).

2. See Rosasco v. Sowder, D.C.Mun.App., 31 A.2d 687 (1943), where we cited with approval the definition of unavoidable accident given by the Maryland Court of Appeals in Dwyer v. Chew, 149 Md. 281, 285, 131 A. 350, 351 (1925).

and in Weber v. Eaton, 82 U.S.App.D.C. 66, 68, 160 F.2d 577, 579 (1947), it was noted that even where a party would be entitled to the instruction, if argument to the jury has presented the issue, a failure to instruct thereon will not constitute reversible error.

A steadily growing number of jurisdictions have now abolished the unavoidable accident instruction and prohibited its use in any negligence action.[3] The landmark decision on this point is Butigan v. Yellow Cab Co., 49 Cal.2d 652, 320 P.2d 500, 65 A. L.R.2d 1 (1958), where the Supreme Court of California stated:

> The so-called defense of inevitable accident is nothing more than a denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause of the injury. * * * Since the ordinary instructions on negligence and proximate cause sufficiently show that the plaintiff must sustain his burden of proof on these issues in order to recover, the instruction on unavoidable accident serves no useful purpose.

> \* \* \* \* \* \*

> The instruction is not only unnecessary, but it is also confusing. When the jurors are told that "in law we recognize what is termed an unavoidable or inevitable accident" they may get the impression that unavoidability is an issue to be decided and that, if proved, it constitutes a separate ground of nonliability of the defendant. Thus they may be misled as to the proper manner of determining liability, that is, solely on the basis of negligence and proximate causation. The rules concerning negligence and proximate causation which must be explained to the jury are in themselves complicated and difficult to understand. The further complication resulting from the unnecessary concept of unavoidability or inevitability and its problematic relation to negligence and proximate cause can lead only to misunderstanding. 320 P.2d at 504–505. [Citations and footnotes omitted.]

[2] Even in those jurisdictions which have not expressly proscribed the unavoidable accident instruction, that instruction is condemned where there is evidence from which negligence can be found or inferred.[4] Especially in cases concerning accidents involving rear-end collisions, as in the one before us, great caution should be exercised in submitting a case to a jury upon an unavoidable accident instruction [5]—which in

---

3. Alabama: Kelly v. Hanwick, 228 Ala. 336, 153 So. 269 (1934);
   Alaska: Alaska Brick Co. v. McCoy, 400 P.2d 454 (1965);
   Arizona: City of Phoenix v. Camfield, 97 Ariz. 316, 400 P.2d 115 (1965);
   California: Butigan v. Yellow Cab Co., 49 Cal.2d 652, 320 P.2d 500, 65 A.L.R. 2d 1 (1958);
   Colorado: Lewis v. Buckskin Joe's, Inc., 156 Colo. 46, 396 P.2d 933 (1964);
   Indiana: Miller v. Alvey, 207 N.E.2d 633 (1965);
   Missouri: Hogan v. Kansas City Public Serv. Co., 322 Mo. 1103, 19 S.W.2d 707, 65 A.L.R. 129 (1929);
   New Jersey: Vespe v. DiMarco, 43 N.J. 430, 204 A.2d 874 (1964);
   Oregon: Fenton v. Aleshire, 238 Or. 24, 393 P.2d 217 (1964);
   Wisconsin: Van Matre v. Milwaukee Elec. R. & Transport Co., 268 Wis. 399, 67 N.W.2d 831 (1954).

4. Employers' Mut. Cas. Co. v. Martin, 189 Kan. 498, 370 P.2d 110 (1962); Paph v. Tri-State Hotel Co., 188 Kan. 76, 360 P.2d 1055 (1961); Lober v. Sklar, 357 Mich. 166, 97 N.W.2d 617 (1959); Leach v. Great Northern R. Co., 139 Mont. 84, 360 P.2d 94 (1961); Oatman v. Frey, 108 Ohio App. 72, 160 N.E.2d 664 (1958).

5. Zerbinos v. Lewis, 394 P.2d 886, 891 (Alaska 1964); Sullivan v. Laman, 150 Colo. 542, 375 P.2d 92 (1962); Dorn v. Butts, 46 Misc.2d 953, 260 N.Y.S.2d 468 (1965); Elder v. Marvel Roofing Co., 74 N.M. 357, 393 P.2d 463 (1965); Meinen v. Mercer, 390 S.W.2d 36 (Tex. Civ.App.1965); Hoffman v. Tracy, 406 P.2d 323 (Wash.1965). Cf. Borg v. McDonnell, 172 Cal.App.2d 260, 342 P. 2d 297 (1959).

reality merely states a phase of the law of negligence. The practical effect of the instruction is to inject a separate issue which unjustifiably favors the defendant's case. While we are not prepared to rule that the unavoidable accident instruction shall not be applied in any case, still, we are impressed by the logic of those cases recognizing the prejudice inherent to plaintiff when the instruction is given in an inappropriate situation.

Under the facts of the present case, the evidence produced by the parties did not justify the giving of the unavoidable accident instruction. We believe it was a "lagniappe to the defendant—not only because it is an added 'You-should-find-for-the-defendant' type of instruction, but because it may be understood by the jury as constituting some sort of separate defense."[6] The issues of negligence and proximate cause— upon which appellee's liability must be founded—were adequately covered by other portions of the instructions. The additional instruction on unavoidable accident was confusing and misleading to the jury, and it certainly was not required to fairly outline the real issues.

We do not say that counsel for appellee did not have the right to argue to the jury that the defendant by the exercise of the requisite degree of care could not have avoided the accident and to support his position by reference to evidence adduced at the trial, but the specific charge of unavoidable accident should have been omitted so as to avoid any misunderstanding by the jury germinated by the notion that the absence of negligence and an unavoidable accident are different concepts and issues.

As we find that the instruction in question was improperly given thus requiring a reversal and a new trial, we do not find it necessary to consider and pass upon other errors alleged.

Reversed with instructions to grant a new trial consistent with this opinion.

6. Fenton v. Aleshire, 238 Or. 24, 393 P.2d 217 (1964).