■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN S. FIELDING, Appellant.—Judgment of the County Court, Westchester County, rendered January 2, 1975, modified, as a matter of discretion in the interest of justice, by changing the sentence under the fifth count of the indictment so that it shall run concurrently with the sentence imposed under the first count of the indictment rather than consecutively. As so modified, judgment affirmed. In our opinion, the interests of justice will be served by this modification. The case is remitted to the County Court, Westchester County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd 5). Rabin, Acting P. J., Latham, Christ and Brennan, JJ., concur.

## (November 20, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS L. PONESSE, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Orange County, imposed December 14, 1973. Sentence affirmed. No opinion. The case is remitted to the County Court, Orange County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd 5). Cohalan, Acting P. J., Margett, Christ, Brennan and Munder, JJ., concur.

## (November 24, 1975)

■ JOHN DILORENZO, Appellant, v LOUIS VENOSA, JR., et al., Respondents.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Richmond County, entered January 23, 1975, in favor of defendants, upon a jury verdict, after a trial limited to the issue of liability. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact have been considered. The charge to the jury included the statement: "A defendant is not responsible for the consequences of his negligence, even if he was negligent, unless the injuries sustained by the plaintiff, the accident that happened to the plaintiff, was reasonably foreseeable. In other words, if it was just a freak accident, just an unavoidable accident and the consequences were not foreseeable, then, even if the defendant was negligent, the plaintiff may not recover." This charge was improper. A jury may be instructed as to unavoidable accident only if it could find that the accident resulted from an unknown cause or in an unexplained manner not occasioned by the negligence of either party *(Dorn v Butts,* 46 Misc 2d 953). The charge here left the jury with the impression that it could find an unavoidable accident even if it believed that defendant was negligent. A reversal of the judgment is therefore required. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Shapiro, JJ., concur.