■ KRISSIA R. TOSS et al., Appellants, v STEPHANIE RANDALL et al., Respondents. [719 NYS2d 295] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Murphy, J.), dated August 13, 1999, which, upon a jury verdict, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Rockland County, for a new trial.

The instant action arises out of a two-vehicle accident which occurred on Route 208 in Rockland County. While rounding a curve on the northbound side of the road, the defendant Stephanie Randall lost control of her vehicle, crossed a double yellow line, and struck a vehicle driven by the injured plaintiff, Krissia Toss. Toss and her husband brought the instant action against Randall and her mother, owner of the vehicle which Randall was driving, to recover damages, *inter alia*, for personal injuries which Krissia Toss allegedly suffered in the collision. At trial, the court granted the defense counsel's request, over the objection of the plaintiffs' counsel, to charge the jury on the "unavoidable accident" doctrine. The jury returned a verdict in favor of the defendants, and a judgment was entered dismissing the complaint.

On appeal, the plaintiffs argue, *inter alia*, that the trial court erred in charging the jury on the unavoidable accident doctrine. We agree. "An unavoidable accident is an occurrence which is not intended and could not have been foreseen or prevented by the exercise of reasonable caution" (*Mikula v Duliba*, 94 AD2d 503, 507). "A jury may be instructed as to unavoidable accident only if it could find that the accident resulted from an unknown cause or in an unexplained manner

not occasioned by the negligence of either party" (*DiLorenzo v Venosa,* 50 AD2d 603; *see, Mikula v Duliba, supra*). Under the facts of this case, the evidence did not warrant a charge on the unavoidable accident doctrine (*see, Carson v De Lorenzo,* 238 AD2d 790). Therefore, we reverse the judgment, reinstate the plaintiffs' complaint, and remit the matter to the Supreme Court, Rockland County, for a new trial.

The plaintiffs' remaining contentions are without merit. Krausman, J. P., S. Miller, Friedmann and Florio, JJ., concur.