399 A.2d 556 (1979)
In the Matter of M.L.H., Appellant.
No. 13484.
District of Columbia Court of Appeals.
Argued December 14, 1978.
Decided March 15, 1979.
*557 Michael B. Waitzkin, Public Defender Service, Washington, D. C., for appellant.
Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., with whom Louis P. Robbins, Acting Corp. Counsel, Washington, D. C., and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on the brief, for appellee.
Before KELLY, KERN and HARRIS, Associate Judges.
KELLY, Associate Judge:
Appellant challenges his adjudication as a delinquent, following a nonjury trial, for receiving stolen property.[1] His principal contention on appeal is that the trial judge committed reversible error by admitting and relying upon hearsay testimony as the primary basis for conviction. We agree, and accordingly reverse and remand.
The government presented two witnesses to prove its case. The first, the complainant, testified that his home was broken into and that a tape deck, a watch, and some imitation pearl necklaces were stolen. A few days later, he identified these items when they were shown to him by a police officer. The stolen items were not introduced at the trial.
The government's other witness, a police detective, testified that while he was executing a search warrant at 4296 Southern Avenue, S.E., the home of appellant,[2] he discovered and seized three imitation pearl necklaces, a watch, a watchband, and a stereo. The stereo was secreted behind the furnace in the basement, but the jewelry was found in a dresser drawer in a bedroom alleged to be appellant's.
The only evidence which linked appellant to the bedroom and the dresser where the stolen items were recovered was the detective's response to a question put to him by the trial judge after defense counsel objected that there was no testimony to support the officer's assertion that the items were found in appellant's room:
THE COURT: Do you know whose bedroom it was, that you went in, Officer?
THE WITNESS: Yes, sir. The respondent's mother directed me to the bedroom and stated that was her son's bedroom.
The objection to this testimony on hearsay grounds was overruled.
*558 No other evidence was offered by the government to clarify how many people used the bedroom in question, how many sons the woman the officer spoke to had, or to whom the dresser actually belonged.
After the government rested its case, appellant moved for judgment of acquittal but the motion was denied. A post-trial motion for reconsideration of judgment complaining of the admission of the hearsay testimony on evidentiary and constitutional grounds, as well as the insufficiency of the evidence, was also denied.
The central issue at trial was whether appellant possessed recently stolen property. The only evidence presented which linked appellant with the stolen property was the hearsay statement introduced through the second government witness, the detective. Neither the government nor the trial court ever suggested that the testimony was not hearsay, nor could they, for the detective's testimony is a classic example of hearsay: an out-of-court statement introduced to prove the truth of the facts it asserts. The statement was crucial to the government's proof in connecting appellant to the bedroom where the property was found.
This testimony should not have been admitted into evidence unless it fell within one of the recognized exceptions to the hearsay rule, and on proper objection it is clearly the burden of the party seeking its admission, to identify the appropriate exception and to demonstrate that the testimony fell within it.[3] And it is the trial court's responsibility to examine the testimony and determine whether the proper foundation has been laid for the exercise of discretion as to its admission. See Watts v. Smith, D.C.App., 226 A.2d 160 (1967); Murphy Auto Parts Co. v. Ball, 101 U.S.App. D.C. 416, 249 F.2d 508 (1957).
The government never identified a hearsay exception for the trial court to review.[4] Instead, government counsel argued in general terms about how one acquires information through hearsay, and the difference between those things that we come to know and those things we learn by actually being there. The trial court ruled that the detective's testimony qualified as one of the exceptions without citing a theory of admissibility in support of its ruling.
On appeal, the government argues that the hearsay was admissible because it was reliable and probative. Its theory is that since the detective had a valid search warrant presumably implicating appellant in a crime, it can be assumed that appellant's mother would respond truthfully to the officer's inquiry. Appellant argues, on the other hand, that she may have sought to confuse and mislead the officer in order to protect her husband, another son, or even herself. These arguments highlight the classic purpose of the hearsay rule. There was no showing that appellant's mother was unavailable and therefore could not participate in the trial, yet the government attempts to justify her absence as necessary to maintain positive family relations and thus not to frustrate appellant's rehabilitation. It is true that rehabilitation is a primary goal of the juvenile justice system, but so is the reliable determination of guilt. To attempt to cut corners with justice is to sacrifice a juvenile's right to a fair trial for the convenience of the prosecutor. See In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).
All agree that this essential testimony was hearsay. It fell within no recognized exception to the hearsay rule and therefore the trial court erred in allowing it in evidence. Accordingly, since the challenged hearsay was the only evidence linking appellant with the stolen property, the case is remanded with instructions that the adjudication of delinquency be vacated and that the petition be dismissed. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d *559 1 (1978); Griffin v. United States, D.C. App., 396 A.2d 211 (1978).
So ordered.
NOTES
[1] D.C.Code 1973, § 22-2205 (a felony conviction).
[2] In light of our decision, we need not consider appellant's contention that there was no evidence offered to show that this was indeed his home.
[3] Kornicki v. Calmar Steamship Corp., 460 F.2d 1134 (3d Cir. 1972).
[4] The government did suggest that the testimony came within the present sense impression exception to the hearsay rule. See Fed.R.Evid. 803(1). That point is not advanced on appeal.