Melvin W. **THOMAS**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 84–1647.

District of Columbia Court of Appeals.

Argued En Banc Sept. 16, 1988.
Decided April 20, 1989.

David A. Reiser, Public Defender Service, Washington, D.C., for amicus curiae.

Thomas Abbenante, Washington, D.C., appointed by the court, for appellant.

Michael W. Farrell, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., Washington, D.C., and Joseph E. diGenova, U.S. Atty., Chevy Chase, Md., at the time the petition was filed, were on the petition, for appellee.

Before ROGERS, Chief Judge,[*]
MACK, NEWMAN, FERREN,
BELSON, STEADMAN and SCHWELB,
Associate Judges, and GALLAGHER
and PRYOR,[**] Senior Judges.

PER CURIAM:

After a jury trial, appellant Thomas was convicted of felony murder, D.C.Code § 22-2401 (1981), armed robbery, *id.*, §§ 22-2901, -3202 (1981 & 1988 Supp.), and carrying a pistol without a license, *id.*, § 22-3204. On appeal before a hearing

[*] Judge Rogers was an Associate Judge at the time of the en banc argument. Her status changed to Chief Judge on November 1, 1988.

[**] Judge Pryor was Chief Judge at the time of en banc argument. He was commissioned as a Senior Judge on November 2, 1988.

division, this court ruled that it was error to admit the testimony from a previous trial in another case of a witness who was ruled to be unavailable as a witness at the trial of this case.

The court then went on to deal with the contention that when the erroneous evidence was excluded there was insufficient evidence left in the record to sustain a conviction. The hearing division of this court stated:

> In this case, excluding Farley's inadmissible prior recorded testimony, the government clearly presented insufficient evidence to sustain a conviction.

*Thomas v. United States*, 530 A.2d 217, 226 (D.C.1987). We therefore reversed with instructions to enter a judgment of acquittal, in accordance with our decisions in *Graves v. United States*, 515 A.2d 1136, 1146 (D.C.1986), and *In re M.L.H.*, 399 A.2d 556, 558-59 (D.C.1979).

We subsequently decided to review this case en banc and, in accordance with usual custom, vacated the opinion of the division. *See Thomas, supra*, 530 A.2d at 226. The sole en banc issue was the correctness of the hearing division instruction to enter a judgment of acquittal rather than remand for a new trial.[1] After oral argument before the en banc court, and while the case was pending decision, the Supreme Court decided *Lockhart v. Nelson*, —— U.S. ——, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). *Lockhart* involved the same fundamental double jeopardy issue which this case presented. We thereupon requested the parties to file supplemental memoranda addressing application of the *Lockhart* decision to this case. Subsequently, we also requested supplemental memoranda on the sufficiency of the evidence with the inadmissible prior testimony included. This was done and we now have the case for en banc decision.

1. The government did not seek review of the hearing division ruling that the trial court had erred in admitting the prior testimony of the government witness into evidence because it violated the Confrontation Clause of the Constitution.

In *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the Court stated that a second trial was precluded when a reviewing court found the evidence presented at the first trial legally insufficient to sustain the conviction. A reversal for trial error, for example, the erroneous receipt of evidence, on the other hand, does not bar retrial. *See id.* at 14–15, 98 S.Ct. at 2148–49. The question presented in this case, whether retrial is barred when evidence is erroneously admitted and the remaining, correctly admitted evidence is insufficient to sustain the conviction, was not then decided by the Supreme Court in *Burks*. In a companion case decided the same day, this issue was specifically left open. *Greene v. Massey*, 437 U.S. 19, 26 n. 9, 98 S.Ct. 2151, 2155 n. 9, 57 L.Ed.2d 15 (1978).

The Supreme Court now concludes in *Lockhart* that when an appellate court decides that a conviction should be reversed because evidence was erroneously admitted against the defendant, the Double Jeopardy Clause does not prevent retrial as long as the total evidence admitted by the trial court—whether erroneously or not—would have been sufficient to sustain a guilty verdict. The Supreme Court stated:

> A trial court in passing on [a motion for judgment of acquittal] considers all of the evidence it has admitted, and to make the analogy complete it must be this same quantum of evidence which is considered by the reviewing court.

*Lockhart, supra,* 109 S.Ct. at 291.

We have now reviewed the record in this case in accordance with the rule laid down in *Lockhart*, and we conclude that, including the evidence wrongfully admitted, there was enough total evidence to withstand a motion for judgment of acquittal in the trial court.

Accordingly, the judgment is reversed and the case is remanded.

So ordered.