**Manual PORTILLO, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 97–CM–215.

District of Columbia Court of Appeals.

Submitted March 17, 1998.

Decided May 7, 1998.

M. Azhar Khan, Washington, DC, appointed by this court, was on the brief for appellant.

Mary Lou Leary, United States Attorney, and John R. Fisher, Gary Collins, and Rachel Carlson Lieber, Assistant United States Attorneys, were on the brief for appellee.

Before STEADMAN and KING, Associate Judges, and PRYOR, Senior Judge.

PRYOR, Senior Judge:

Appellant was convicted, after a non-jury trial, of simple assault pursuant to D.C.Code § 22–504. The conviction is challenged in this court on the ground of sufficiency of the evidence. The same issue was raised in the trial court when the trial judge denied appellant's motion for judgment of acquittal at the close of the evidence. On the basis of an evidentiary ruling by the trial judge, as to hearsay, we conclude the conviction must be reversed and the case remanded to the trial court.

I.

This prosecution evolved from an alleged domestic dispute between the complainant, a young adult woman, and appellant, an adult male, who shared a residence in Northwest, Washington.

At trial, an officer testified that he and his partner became involved when two people flagged the police down and led them to a

---

residence. They encountered the complainant, who was upset and appeared to have been crying. Because complainant was not fluent in English, the other adults conveyed that she wanted to gather some belongings and leave. Without gaining any other information, the officers, observing appellant nearby, assisted the complaining witness in departing.

A second officer testified that on the following day he, with the help of a person translating the conversation, interviewed the complainant about the events of the previous day. The officer testified that she was calm. He talked with her for about fifteen minutes. While talking, he observed bruises on her body. Towards the end of the encounter, complainant observed appellant in a passing vehicle and stated, "that's him"! Upon seeing appellant, the officer placed him under arrest.

The last prosecution witness was the complainant. After expressing a preference not to give evidence, and being instructed that she had no privilege to remain silent, complainant testified, with the aid of translators, regarding appellant's behavior on the date in question. She testified that appellant had hit her, but that she struck appellant first. She also said that their behavior was intimate in nature and not combative. In confronting this testimony from the complaining witness, the prosecutor treated her as a hostile witness and sought, with the court's permission, to impeach her. She was then asked, over objections as to form, about her prior statements to the interviewing officer. Her testimony concerning the prior statements would be sufficient to support the verdict reached by the trial court.

Appellant offered no evidence. However, his counsel made a motion for judgment of acquittal, which was denied.

## II.

In reviewing this matter, we recognize the problems inherent in presenting and evaluating evidence where the primary witness, who has firsthand knowledge of events, is a reluctant or even a hostile witness. Nonetheless, requirements of proof must be met. The question which is central to this appeal emerged as the court engaged both counsel in response to appellant's motion to acquit. Although the prosecutor initially embarked on an effort to impeach the complainant on the basis of prior out-of-court statements, it was asserted for the first time, during the argument on the motion, that the statements could be viewed as substantive evidence. Ultimately the court ruled, after extended discussion with counsel, that she was treating the complainant's out-of-court statements, as recounted by complainant herself, as excited utterances and therefore substantive evidence. Given the way that this question arose, we decline the government's invitation to apply plain error review. The trial judge and both counsel were clearly focused on the issue.

█ It is a settled concept that excited utterances, related to a startling event, made while under the stress of the event, may be admissible as an exception to the general prohibition against hearsay evidence. The thinking underlying admission of such evidence is straightforward: in the clearer instances, there is less chance of fabrication and a greater likelihood of accuracy. *See Welch v. United States,* 689 A.2d 1, 3 (D.C. 1996); *United States v. Woodfolk,* 656 A.2d 1145, 1150 (D.C.1995); *Nicholson v. United States,* 368 A.2d 561, 564 (D.C.1977); *see also* MUELLER, KIRKPATRICK, EVIDENCE, §§ 8.35 (1995). It is worth repeating that the application of this concept to different circumstances is fact specific and cannot be done in a formulaic manner. Indeed in some instances, although certainly not commonplace, courts have occasionally permitted, after a lapse of time, a new stimulus, other than the initial criminal behavior or traumatic occurrence, to serve as the "startling event" to warrant admission of the statements made at a later time. *See United States v. Napier,* 518 F.2d 316, *cert. denied,* 423 U.S. 895, 96 S.Ct. 196, 46 L.Ed.2d 128 (1975). (A woman, who was severely beaten by a stranger, observed a newspaper photograph of the accused, and exclaimed in horror and distress, "He killed me; he killed me"!). *See also* MUELLER, KIRKPATRICK, EVIDENCE, *id.*

We also observe that our scope of review is to consider the exercise of discretion by the trial judge, informed by the strictures of the excited utterance concept. *Welch, supra,* 689 A.2d at 4; *Woodfolk, supra,* 656 A.2d at 1150.

■ Turning now to this case, the precise question we must decide is whether the content of complainant's interview with the officer, on the day after leaving the residence, comes within the orbit of an excited utterance. Both the court and counsel focused on the question of the "startling event." Except for the initial incident involving complainant and appellant, no other event was identified nor argued. The sighting of appellant the next day occurred after her talk with the police. Thus the stimulating event in this situation must be deemed to have occurred on the day before the interview. As to complainant's emotional state, the investigating officer, a government witness, observed the complainant standing on the street and described her as "pretty calm." Statements attributed to her were largely answers to questions accomplished with the assistance of an interpreter. Lastly the record reveals that complainant's statements did indeed relate to the assault alleged.

Given these circumstances the record refutes a finding that the incident which is the basis for this prosecution was sufficiently startling to complainant so that her statements the next day were the product of stress and excitement. Such a finding is contradicted by the government's primary witness on this point, the police officer. Further, the nature of the interview conducted, as recounted by the witness herself, was much more deliberative in nature than spontaneous. These evidentiary questions were further complicated by the fact that the complaining witness was evasive in her testimony. When pressed about the nature of the alleged assault, some of her answers were exculpatory to appellant. Recognizing the obligation of the trial judge to weigh and assess credibility, we conclude that the ruling to treat complainant's out-of-court declarations as excited utterances was error. Although the judge was in a position to evaluate demeanor in the courtroom, the error here is found in the legal effect of the testimony given. Stated more simply, we view the error as a misapplication of law with respect to the requirements of excited utterances. *See also* D.C.Code § 17–305(a).

We note that, inasmuch as complainant's hearsay statements to the officer cannot constitute substantive evidence, the remaining evidence is insufficient to form the basis for conviction. As the admission of this evidence plainly was not harmless on the record presented, we reverse and remand the case to the trial court for a new trial if the government elects to proceed further. *See Thomas v. United States,* 557 A.2d 599 (D.C.1989) (en banc) (per curiam).

*Reversed and remanded.*