FISHER, Associate Judge,
concurring:
Because my colleagues have called for reconsidering the first prong of Laumer, I append these brief remarks to explain that appellants’ attack upon Laumer is flawed. It has long been the rule “that preliminary evidentiary questions such as ... the admissibility of evidence are within the control of the trial judge. However, these questions must be distinguished from credibility and weight to be assigned to competent and admissible testimony.” Fowel v. Wood, 62 A.2d 636, 687 (D.C.1948); see Fed.R.Evid. 104(a) (“The court must decide any preliminary questions about whether ... evidence is admissible.”); Advisory Committee Note to 1972 Proposed Rule 104(a) (“To the extent that these inquiries are factual, the judge acts as a trier of fact.”). Appellants’ singular focus on the propriety of a judge making credibility determinations misunderstands this basic distinction. The Laumer test (including, of course, its first prong) is used to determine whether particular evidence is competent' and admissible.
We have “broad latitude under the Constitution to establish rules excluding evidence from criminal trials.” Holmes v. South Carolina, 547 U.S. 319, 324, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006); see Laumer, 409 A.2d at 195 n. 7 (“[T]his court is the final authority for establishing the evidentiary rules for the Superior Court of the District of Columbia.”). Despite this latitude, the Constitution forbids the creation of evidentiary rules that “ ‘infring[e] upon a weighty interest of the accused’ and are ‘arbitrary or disproportionate to the purposes they are designed to serve.’ ” Holmes, 547 U.S. at 324-25,126 S.Ct. 1727 (alteration in original) (some internal quotation marks omitted). In this context, arbitrary rules are rules that “excluded important defense evidence but ... [do] not serve any legitimate interests.” Id. at 325,126 S.Ct. 1727.
*127 One undoubtedly legitimate interest of evidentiary rules is to exclude unreliable evidence.- United States v. Scheffer, 528 U.S. 803, 309, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) (“[T]he exclusion of unreliable evidence is a principal objective of many evidentiary rules.”). Recognizing the importance of this objective, our exception to the hearsay rule for statements against penal interest requires a showing that “the declarant, in fact, made a statement.” Laumer, 409 A.2d at 199. We adopted this foundational prerequisite, among others, in order to ensure that the proffer contains “a sufficient guarantee of trustworthiness.” Id. at 203;[1] see In re M.L.H., 399 A.2d 556, 558 (D.C.1979) (“[I]t is the trial court’s responsibility to examine the [hearsay] testimony and determine whether the proper foundation has been laid for the exercise of discretion as to its admission”).
In this case, the statement appellants sought to admit was not admissible unless it qualified as an exception to the rule against hearsay. See Chambers v. Mississippi 410 U.S. 284, 298, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) (“The hearsay rule, which has long been recognized and respected by virtually every State, is based on experience and grounded in the notion that untrustworthy evidence should not be presented to the triers of fact.”). As discussed above, the Laumer test strikes a balance between admitting probative evidence and excluding evidence that is unreliable. There is nothing arbitrary about an evidentiary rule that attempts, on a case-by-case basis, to reconcile these legitimate, yet sometimes conflicting, concerns.

. Our formulation of the test in Laumer was informed by the House Judiciary Committee’s explanation that Fed.R.Evid. 804(b)(3)’s corroboration requirement arose from a concern "that declarations against penal interest were more 'suspect' than declarations offered for other purposes and ... the Rule as originally drafted would not go far enough in preventing fabrication[.]” Laumer, 409 A.2d at 198 (citing H.R.Rep. No. 650, 93d Cong., 1st Sess. 16 (1974), U.S.Code Cong. & Admin. News 1974, pp. 7051, 7089).